The opinion of the Court was delivered by
Gibson J.
This is a motion on behalf of Josiah Hewes, the executor against whom the judgment is rendered, for a rule to shew cause why the amount should not be defalked out of a judgment previously obtained by him against the plaintiff for a separate debt. It is admitted, that the plaintiff is in embarrassed circumstances, and that he executed a general assignment, in trust for the use of his creditors, on the 13th September last. It is plain, the defendant’s judgment could not have been set-off at the trial, because he was sued as exe¿ *470 cutor, and because his co-executor, who had nothing to do with any claim against the plaintiff, was, until the verdict, also a party to this suit; and there can, under our defalcation act, be no set-off, unless both debts are respectively due between, exactly, the same parties. Wain indorsee v. Wilkins et al. 4 Teates, 461. At present, however, Hewes stands as the only defendant. But it is objected, he is answerable to the plaintiff only en autre droit, and that the debts must also be due in the same right. It has been remarked by a very learned and respectable English Judge, that he could never discover any good reason why the judgment against an executor should not, in the first instance, be de bonis propriis; although he at the same time acknowledges, that the doctrine of the executor not being personally answerable, but only in respect of, the goods is, at this day, too firmly established to be controverted. At the trial, therefore, where there can be no such thing as an equitable set-off, an executor cannot defalk a debt due to him in his own right. The present case, however, is an extremely hard one. The defendant parted with the assets without obtaining the proper security from the legatees, at a time when nobody dreamt of the present or any other claim against the estate j and although where a claim cannot be defalked at the trial, we certainly will not, as a matter of course, give it effect in another shape, by turning the party round to this equitable sort of application, yet I will not say that the debt here due, might not, as there is no doubt of a devastavit having been actually committed, be by a little liberality of construction, considered as due by the defendant substantially in his own right. But regarding this, as the case rests on other grounds, we are to be understood as intimating no opinion. The judgment now-attempted to be defalked, was obtained against the plaintiff, not as a surviving partner, but for his separate debt. At law, it is clear, the remedy to recover on choses in action belonging to the partnership, survives; and the surviving partner may, therefore, set-off a debt due to him as such, against a demand on him in his own right. Slipper v. Lane, 5 Term Rep. 493: so the defendant may set-off a debt due by the plaintiff as surviving partner, against a demand due to him in his own right. French v. Andrade, 6 Term Rep. 528. So far the rights of the representatives of the deceased partner, and of the partnership creditors, are not affected. Where *471 the surviving partner is a defendant he may set-off a partnership claim, because as respects the plaintiff he may treat it as his own: so where a person who is a surviving partner sues for his separate debt, the defendant may set-off a partnership debt against it. But there is no case to shew, that where the suit is for a debt due to the partnership, the defendant can set-off a debt separately due by the plaintiff: for though a surviving partner may chose to treat a partnership debt as due to him in his own right, it does not follow that a defendant sued for a debt separately due has a correspondent right; and even if he had such a right at law, I have no doubt chancery would, if the surviving partner were insolvent, interfere to prevent it from being exercised ; and this on the same ground that it interferes to prevent an insolvent surviving partner from disposing of the stock, or getting in the outstanding debts; as was done in Hartz v. Shrader, 8 Ves. jun. 317. Equity, I know, will, under special circumstances, allow a set-off where none can be at law, as in Ex parte Stephens, 11 Ves. jun. 24, and we find some chancellors have been disposed to go a good way in cases not very unlike the present. In Ex parte Edwards, 1 Atk. 100, Lord Hardwicke inclined, under circumstances of extreme hardship, to suffer the separate debt of one of the partners to be defalked from a debt due to both jointly: but what finally became of the cause does not appear, and we therefore cannot tell what terms he had in view. And in Ex parte ¡Quinten, 3 Ves. jun. 248, a separate commission having issued against one of the partners, and the other having paid the joint debts, a debtor to the partnership, who was also a creditor of the bankrupt, was permitted to set-off against the bankrupt’s share of the joint debt, and to prove for the residue of his demand, the solvent partner consenting to receive only his proportion of the debts due to the partnership. But in Ex-porte Twogood, 11 Ves. jun. 5*87, this case was, as I take it, over-ruled, where set-off was denied under circumstances in all respects similar, except-that the solvent partner had not paid the joint debts ; but the effect of that circumstance was, in Ex parte Quinten, removed by the assent of the solvent partner to dispense with any right arising from it. However, be that as it may, equity will never allow a set-off of this sort without taking special care that no injury shall, in any possible event, happen to the rights of any one having a *472 claim on the partnership ; and in doing so, chancery has facilities by directing the accounts to be taken between the partnership and its creditors, and between the partners themselves, which this Court has not. A chancellor can call all the parties in interest before him, and bind them by a decree, that will do complete justice to every one : our equity means are limited, and for some purposes miserably deficient. Here we can impose no conditions, but must allow the set-off absolutely if at all j and to do so, might be to pay a debt due by the plaintiff out of the estate of his solvent partner, or out of the property of the general creditors. It does not appear, whether the joint debts are paid, or whether, if the accounts were settled, the plaintiff would be in advance to the concern. He insists he is ; but that is denied by the representatives of the deceased partner, and on a motion of this kind we cannot settle the account. But the plaintiff does not say the partnership creditors are paid, and until that be done it is impossible to say how the balance may fall. Were it even certain the partners stood in all respects equal, still no more than the half of this judgment would belong to the plaintiff, and be a subject of equitable defalcation by his separate creditors. As it is, the money recovered here will go into the hands of the plaintiff’s assignees, subject, in the first instance to all the rights of the partnership; and when the joint debts are paid and the partnership account is settled, but not till then, the separate creditors will have a claim on it: whatever may then remain as a share of the plaintiff, will be subject to his separate debts ; but at this stage of the business, we cannot interfere. This being an application to our discretion, we must take care so to exercise it, as not to invade the rights of third persons. The defendant’s case is a very hard one; but the motion must be denied.
Motion denied.