The judgment of the Court was pronounced by
Gibson J.
Whether the Court was right in rejecting the evidence for the reason assigned, that as the bond was joint, the other obligor might, by the set-off being allowed, have been deprived of his right to defend himself .by any demand he may have had against the cestui que trust, it is unnecessary to decide. As a legal set-off under the act of assembly, a joint bond may be inadmissible ; but whether it may not be used as an equitable defence, where there is no insolvency in the case, is a question which will be worthy of consideration when it shall necessarily present itself fdr decision: at present we express no opinion on- it, as there is, in the case under consideration, another reason which is conclusive against the evidence. The bond was neither payable to assignees, nor was it for the me of the obligee, who was but a trustee for a third person. Now, set-off being for the purpose of avoiding circuity of action, the person resorting to it must have either a legal or an equitable right to sue for the demand he proposes to defalk. An equitable right to sue, is founded on having the property in the thing in action, the legal title being in another as a trustee. But the property in a chose m action, and the right to sue for it, although thejr usually go together, may exist separately, as in the case of a *244 surviving partner who has the exclusive right to sue for debit due to the partnership, although the right of property in the deceased partner’s share, is in his personal representatives j and it may be stated as a general rule, that the person having the right of action, may set-off a debt due to him as a trustee, against a debt due by him in his own right. On the other hand, where there is not a legal right of action, but there has been an equitable assignment of the property in the thing in action, the cestui que trust may set-off his right of property against a demand on him in his own right; and I apprehend there is no difference, in this respect, between an ordinary bond transferred by an equitable assignment, and one in which the right of action was, as in this case, originally severed from the right of property by the terms of the instrument. So, a debt to, or from, the cestui que trust, may be set-off in an action commenced against, or by the trustee in right of the trust. But it is extremely clear that the right to set-off must depend either on the right of action or the right of property, and here the defendant had neither. The bond was not assignable under the act of assembly, being payable only to the obligee himself, who was, therefore, not authorised to transfer the right to sue on it at law; and the property in the money it was given to secure being in another, he could not transfer an equitable right of action, which can pass only as an incident of the right of property. On what ground then could the defendant below have sustained a suit ? Only, if it all, as a trustee having the remedy. But the obligee was not, by the terms of the instrument, enabled to delegate his trust. As therefore the defendant could not have sustained a suit on the bond, the Court was right in refusing to permit him to set it off.
Judgment affirmed.