Tilghman C. J.,
delivered the opinion of the Court.
The first matter for consideration is, whether the testator intended this legacy to be for the separate use of his sister, Mrs. Brady? And that he did intend it for her separate use, I have no doubt. The giving it for her own use is an uncommon expression, and denotes^some particular intention. If it had been intended barely to give the legacy, subject to the marital rights of the husband, it would have been sufficient to say, “ I give it to Martha BradyP But the addition *467 of the words, for her own use, is tantamount to saying, not for the use of her husband ; because, if it was for his use, it could not be for her own use. The words are plain enough of themselves, but receive additional strength from the circumstance of the debt due from the husband to the testator. For if the legacy were to be deducted from the debt, the leO * gatee would have no use whatever of it. It is hardly necessary to cite authorities in a case of this kind. If it were, authorities are not wanting. A direction, by will, that the produce of an estate shall be paid into the proper hands of a feme covert, has been construed for her separate use. So, if property be devised to the husband for the Use of his wife, or for her livelihood, he has been held to be a trustee for her separate use. Darby v. Darby, 3 Atk. 399. So, where a legacy was given to a feme covert, and her receipt to be a discharge to the testator’s executors, it was decided to be for her separate use. And, in the case of Lumb v. Milnes, 5 Vez. 520, the counsel cited Jones v. -, where the master of the tolls held, that a bequest to a feme covert, for her own use, (the precise case before us,) was for her separate use. Assuming, then, that the legacy in question was intended for the separate use of the wife, in what situation would it be if it should be recovered in this action ? Without doubt, if the husband should receive it, he would be considered as a trustee for the use of his wife, and she might dispose of it as she pleased. And if so, it cannot be taken from her by setting off the husband’s debt against it. It was once doubted, whether a legacy given immediately to a wife,. without the intervention of a trusteee, were not subject to the disposition of the husband. Lord Cowper expressed his doubts on this point, in Harvey v. Harvey, 1 P. Wm. 125. But the question was settled in the5 case of Bennet v. Davis, 2 P. Wm. 316, where land having been devised to the wife, for her separate use, it wasdecreed,thatthehusbandshouldjoinina conveyance to a trustee for the separate use of his wife. And at the present day it is held as settled law in chancery, that a husband pmy be considered as a trustee for the separate use of his wife. In this State, where there is no Court of chancery, no decree can be made for the husband to convey to a trustee. Nevertheless, it is his duty to do so; and if he does not, the Courts of law will consider him a trustee, and the wife will have all the beneficial jeffects flowing from that consideration. The counsel *468 for the plaintiffs inciror have contended, that because the Court cannot compel the husband to convey to a trustee, the legacy must be considered as his property, and they relied on the case of Yohe v. Barnet, in this- Court, 1 Binn. 358, But Yohe v. Barnet was very different from the case before us. There, the Court said, that the wife’s share of the estate wjjieh fejj to j,er ¿uring the coverture, as one of the heirs of her father, was subject to the control of her husband, and had never been considered, in Pennsylvania, as her separate estate. Certainly it has never been so considered; because none of the intestate acts view it in any other light than the property of the wife, subject, like all her other personal property, to the rights of her husband. If the intestate acts had declared, that the wife shpuld take such property to her separate use, the Courts of law would have held the husband to be a trus'tee for her separate use. But in the case before us, the testator did bequeath the legacy of 2000 dollars for the separate use of the wife, and, therefore, we must hold the husband to be a trustee. There was another case relied on by the counsel for the plaintiffs in error, Torbert v. Twining, 1 Yeates, 432, where the rents and profits of land were devised to a trustee for the use of the wife; held that the rents and profits, when received, were the property of the husband. It may be observed, that, in that; ase, the. opinion of the Court was not unanimous. Smith, J. differed from his brethren. But without questioning the opinion of the majority of the Court, it is sufficient to remark, that the principle on which it was founded is in favour of the plaintiffs in this suit. M‘Keast, C. J. said, that the intention of the testator must govern ; and as there were no expressions in the will from which they could collect, or necessarily infer, that it was meant as an independent provision for the devisee, it must be subject to the disposition of the husband. So say I here—• the intention ol the testator must be carried into effect. And, as it appears that he intended this legacy for the separate use of the wife, the husband must be a trustee to effectuate that purpose. I am, therefore, of opinion, that the judgment of the Court of Common Pleas should be affirmed.
Judgment affirmed.