# THE SUPREME COURT

OF

# PENNSYLVANIA.

———◆———

WESTERN DISTRICT, SEPTEMBER TERM, 1828.

———◆———

[CHAMBERSBURG, NOVEMBER 1, 1821.]

## MINICH and another, Administrators with the Will annexed of COZIER, against COZIER.

### IN ERROR.

In an action brought by two administrators, with the will annexed, on a bond given to the testator, the defendant cannot, under the pleas of payment with leave to give the special matter in evidence, and set-off, prove, that upon a settlement of the testator's estate, the debts had all been paid, and the legacies satisfied; and that the bond in question, with other monies received by the administrators, remained to pay and satisfy the legacies and shares of the administrators in right of their respective wives; and that in consequence of the receipt of other large sums by one of the administrators, A., the said bond belonged to the other administrator, B.: That the defendant, before the suit was brought, had paid, as surety of B., sundry large sums on his account; and further, that B., before the commencement of the suit, had applied for, and obtained the benefit of the insolvent laws: That the defendant had been appointed his assignee, and regularly qualified as such.

WRIT of error to the Court of Common Pleas of *Perry* county. The error alleged, was in rejecting the defendant's set-off. The action was debt on a bond executed to the testator in his life time. Plea, payment with leave to give the special matters in evidence, and with leave of set-off and defalcation. The set-off proposed, was in these words:—

"The defendant, under the issues in this case, offers to prove, that the plaintiffs, *John Minich* and *Peter Stroup*, are administrators with the will of *John Cozier*, deceased, to whose estate the bond in question belonged: That upon a settlement of the estate of

(Minich and another, Administrators with the Will annexed of Cozier, *v.*
Cozier.)

the said *John Cozier*, deceased, the said administrators paid, and
distributed to the respective legatees, their full shares in the estate
of the said testator, by the payment of money, and delivery of
other bonds belonging to the estate: That all the debts against the
said estate have been fully paid by the said administrators, out of
other money and proceeds of the estate; and that the bond on which
this suit is brought, together with other monies received by the said
*Minich*, &c., as administrators, remained after the aforesaid division
of the estate, to pay and satisfy the legacies and shares of the said
*Minich* and *Stroup*, in right of their respective wives; and that, in
consequence of the receipt of other large sums, by the said *Minich*,
as administrator, the whole amount of the bond now sued, belongs
to the said *Stroup:* That the defendant, before the bringing of this
suit, as the surety of the said *Stroup*, paid sundry large sums of
money for, and on account of the said *Stroup;* and further, that before
the bringing of this suit, the said *Stroup* applied for, and obtained the benefit of the insolvent laws, and the defendant was appointed his assignee on the 8th of *August*, 1825, and has been
regularly qualified as such assignee, and done all things necessary
to qualify him to act as assignee."

All this evidence was objected to, overruled by the court, and a bill
of exceptions sealed. It appeared that there were twelve other bonds
of one hundred pounds each, falling due annually, from the defendant to the testator's estate, the last of them payable in 1831.

*Carothers*, for the plaintiff in error.—An equitable set-off may
be permitted. It ought to be so here, to prevent an irreparable injury. The real plaintiff is *Stroup*. The money, if recovered, goes
into his hands. He owes a just debt to *George Cozier*, and is insolvent. *G. Cozier* is his assignee. If he cannot retain, his debt
remains, probably for ever, unpaid. So that the set-off here is not
merely to prevent circuity of action, but to prevent the recovery of
a most unjust claim on one side, and an absolute loss on the other.
Even in *England*, where equitable relief may be had in chancery,
the courts of law, in questions of set-off, look to the real parties in
interest, without regarding the names on the record. Here the
inquiry proposed, will not be more multifarious than often happens in the case of an equitable defence; nothing more than was
admitted in the case of *Harper et al.* v. *Kean*, 11 *Serg. & Rawle*,
280. Every defence resting on equity must, in some degree, present the same difficulty, and must require the same departure from
the strict rules of law. *G. Crozier* being the assignee of *Stroup*,
what he is here permitted to retain, he will be compelled to distribute to the creditors of the insolvent. He cited, *Stewart* v. *Coulter*,
12 *Serg. & Rawle*, 252, 445. *Murray* v. *Gray's Administrator*,
3 *Binn.* 135.

*Miller* and *Metzger*, contra.—The administrators must be entitled to recover the money which they are bound to account for.

(Minich and another, Administrator with the Will annexed of Cozier, *v.*
Cozier.)

A debt to be set off, must not be in a totally different right from the
debt in suit. This has been the invariable rule. *Darrach's Execu-*
*tors* v. *Hays' Administrators,* 2 *Yeates,* 208. *Stiles* v. *Donald-*
*son,* 2 *Dall.* 264. *Waln* v. *Anthony's Executor,* 5 *Serg.* & *Rawle,*
468. *Waln* v. *Wilkins,* 4 *Yeates,* 461. *Dunkin* v. *Calbraith,* 1
*Browne,* 14. The proposed set-off, is an attempt unheard of before,
and the perplexity of the thing cannot be exceeded. Half a dozen
disputes are to be dragged from a distance into this cause, and more
than half a dozen different parties to be in effect substituted, and to
be bound by the result, though they are not in court, and have no
right to be heard. To heighten the confusion, if possible, even the
creditors of *Stroup* are to be substituted in effect: or if not so, *G.*
*Cozier,* the assignee, if he can set off his debt, secures to himself
a priority before them. *Wolfersberger* v. *Bucher,* 10 *Serg.* &
*Rawle,* 10.

The opinion of the court was delivered by

Ton, J.—We see no error in this record. There is a simplicity
in the law which, to the extent here asked for, cannot be broken
in upon. It seems agreed, that a defendant in a suit by adminis-
trators is not permitted, by the general rule, to set off a debt due to
himself from one of the administrators, altogether unconnected with
the estate in right of which the suit is brought. But it is said, here
are numerous facts proposed to be given, to take this case out of the
rule. Now, to my apprehension, the very multiplicity of the facts
offered, would seem to forbid the attempt. Not only is the debt said
to be due from *Stroup* to be proved, but a settlement of the estate
and a distribution of the assets, though the suit itself is an effort to re-
cover a part of the assets, and one of the pleas is payment, and twelve
more bonds are yet claimed as payable from the same defendant.
Next is to be proved a settlement between the two administrators;
then the full payment of all debts; the full payment of all legacies;
and next, the means by which the bond in question, though given to
the testator in his life time, had become the separate property of
one of the administrators. Admitting that *Minich,* the other admi-
nistrator, being in court, might have an opportunity to controvert
the proof offered, as far as it denied his interest, and thus be allowed
the means of prosecuting two contests at a time; one against his co-
administrator and co-plaintiff, and the other against *Cozier,* the de-
fendant; yet, what shall be said to legatees, to creditors, or those who
may claim to be such, and may not be willing, that full satisfaction
of their demands shall be made out against them, in a suit between
other men, but whose rights may be decided on without a hearing;
unless each one, upon notice given, may be permitted to come in
and defend for himself? Whether they come or not, I apprehend,
the jury and the court would not find themselves the less entangled
in a complication of issues of fact and disputes, in their own nature,

(Minich and another, Administrator with the Will annexed of Cozier, *v.*
Cozier.)

wholly unconnected with each other, brought together, against all
precedent in the law, by this plea of set-off. Besides, though the
defendant's first plea is on his own account, payment by himself,
yet, he offers the set-off in the character of assignee of *Stroup;* then,
if he succeeds, that is, if he pays his own debt to the administrators
by the set-off, he either gains for himself an unequal distribution
out of the insolvent estate, or he puts a great difficulty in the way
of calling him to account as assignee; it being next to impossible
to know from the record, if the jury make a deduction, whether
they make it under the plea of payment, or under the set-off.  As
to the supposed hardship and the risk of the money going possibly
into the hands of the insolvent administrator, clearly this adminis-
trator may be called upon to give good security, if he has not al-
ready given it, or may be removed from the office.   The hardship
appears the very same upon the defendant, that it would be if
*Stroup* had never been administrator at all, or being administrator,
had been removed.

There was another exception to the opinion of the court below.
The bond sued on having been given in part pay for land, the de-
fendant, to show a failure of consideration, produced the record of
a recovery in a writ of dower out of the same land.   The plaintiffs
were permitted to repel this evidence, by showing a release by the
demandant in dower, though executed long after this action was
brought.   It was assigned for error, but given up without argu-
ment.

Judgment affirmed.