Gibson, J.
For myself, I cannot admit that this set-off could be claimed at law, or that there is in this respect any material difference between our act of assembly, and the stat. 2 G. 2. ch. 22. But whatever difference does exist, is against the set-off, our act having regard to cases where a balance may be reeovéred by the defendant, and it cannot be said that partners may recover a debt separately due to one of them. But I throw this out only as my own opinion, and as we all agree that the debt due by Stewart to Coulter was a proper subject for equitable defalcation, I shall rest the opinion of the court on that ground alone.
It is undoubted, that chancery held jurisdiction of set-off before any statute on the subject was passed; and although a bill for an injunction would not now be sustained, where relief may be had at law, yet for a particular equity chancery will go beyond the terms of the statute, whose object seems to have been the convenience of suitors, in enabling the common law courts, in the generality of cases, to afford that relief which before was obtained only *446 in chancery, without at all abridging the inherent powers of that court in cases not within the statute. It is remarked by. Chancellor Kent, in Dale v. Cook, 4 Johns. Ch. 13, that the cases in which there has been a relaxation of the rule which forbids a set-off between joint and separate debts, are those of bankruptcy; and that it is said the chancellor’s jurisdiction relative to set-off in bankruptcy, is derived from the stat. 13 Eliz. and 5 Geo. 2, and is wholly unconnected with the general statute of set-off, of Geo. 2. It is so. But I doubt whether this relaxation has arisen from any difference between the particular provisions of these statutes; and whether it would not be found to originate in the inherent power of the court, exercised in conformity to the provisions of the statute, only where the case presented no equity beyond the statute; but exercised where it did, not for the sake of convenience, but to prevent an absolute failure of justice, always taking care, however, that the interests of third persons be not jeoparded by the relief afforded in the particular instance. I do not say, however, that as a matter of course the several debt of one defendant can be set off against the joint debt of all, even in equity. In the case under consideration, one of the defendants proposes to pay the debt for which suit is brought, out of his own pocket, and. there is therefore no reason to say the interest of his partner is involved, particularly as his partner is also a defendant and assents to it. Then, what is the particular equity on which this set-off is claimed ? The suit against the defendants is brought for commissions earned after the date of the judgment, which is proposed to be defalked; and Stewart, in whose name it is brought, assigned his interest in it to the present plaintiff a month before obtaining a discharge, as an insolvent debtor, doubtless with the intention of eluding this claim on the part of Coulter, one of the defendants. The insolvency of Stewart alone, would furnish a sufficient equity for a chancellor, to prevent him from getting the fruits of his demand into his hands, without presenting to the defendants the means of coercing the payment of theirs. But this is not all. The demand of the plaintiffs arose from credit given chiefly, if not entirely, to the defendant, whose separate debt is set against it, and who was treated in the subsequent transactions of the parties, all but the bringing of this suit, as the debtor substantially liable; and, added to this, about the same time that Stewart obtained the benefit of the insolvent laws, Coulter settled with Day, his partner and co-defendant, paid him, and took the responsibility arising from this demand entirely on himself: so that the debt for which the defendants are sued, is effectively the debt of Coulter, and nothing is in the way of the set-off but the name of Day, as a party of record. The difficulty, then, is only one of form, — Stewart and Coulter alone, standing substantially in the relation of debtor and creditor. Would there not then be an absolute failure of justice, in permitting assignees who stand in no better equity than their assignor *447 to recover against partners, one of whom would, in consequence, be left to the desperate chance of obtaining satisfaction for his separate demand from the assignor, who is absolutely insolvent? It seems to me, this would furnish a claim to relief on grounds of general equity, which no chancellor could withstand. In such a case even a court of common law would give relief, on the foot of its common law jurisdiction of setting off one judgment against another. Roberts v. Biggs, Bull. N. P. 336. Mitchell v. Oldfield, 4 Term Rep. 123. The only thing that has weighed with me, is a doubt whether that course ought not to have been pursued here. But in delivering the opinion of the court in Wain v. Hewes, 5 Serg. & Rawle, 470, I am convinced that I erred, in supposing that relief could in no case be had, but after judgment. This court possesses not only its common law jurisdiction over the subject, but, in virtue of its chancery powers, the jurisdiction of a court of equity, and may therefore afford more extensive relief than what can be had at the common law: and there is beside a peculiar fitness and convenience, in going into the inquiry at the trial, as there may be a variety of facts, such as the insolvency of the plaintiff, which are proper for the decision of the jury. On general grounds, however, I am clear that the set-off was properly allowed, and the rule for a new trial must therefore be discharged.
Rule discharged.