## Stuart *against* The Commonwealth.

In an action by an administrator to recover a debt due to his intestate, the defendant will not be permitted to set off a debt due to him by the administrator for services rendered to him in the course of his administration of the estate.

ERROR to the common pleas of *Mifflin* county.

The Commonwealth for the use of Thos. Todd, administrator of Thos. Beale, deceased, against Samuel Stuart. Debt on recognizance. The plaintiff's intestate, and the defendant had each been sheriff of Mifflin county, and this action was brought by the plaintiff to recover fees of his intestate, which had accrued while he had been in office, and which had been collected by the defendant. After the plaintiff had established his cause of action, the defendant offered to prove that the estate of Thomas Beale was indebted to him for costs to which he was entitled, for executing process at the instance of Thomas Todd the administrator, and which he claimed to set off against the claim of the plaintiff. The evidence was objected to, and the court (Burnside, president) was of opinion that the set-off was not allowable, and rejected the evidence.

*Hale*, for plaintiff in error, cited 2 *Rawle* 180; 11 *Serg. & Rawle* 247.

*Fisher*, contra, cited 2 *Cowen* 139, 149.

The opinion of the Court was delivered by

GIBSON, C. J.—A cardinal rule in the interpretation of statutes of set-off, requires that there be mutuality of demand both as regards the quality of the right, and the identity of the parties. Our statute is, in other respects, more remedial than the British; but no difference, as to the matter in question, can be thought to result from the difference of the words. The British statute gives a set-off, in express terms, only " where there are mutual debts between the plaintiff and the defendant, or, if either party sue or be sued as an executor or administrator, where there are mutual debts between the testator or intestate and either party;" but the necessity of the same mutuality is as explicitly inculcated by our own, which gives a set-off " if two or more, dealing together, be indebted to each other;" for it is the necessary effect of mutual dealings to produce mutual debts. Whatever be the difference in words, however, it is certain that it has produced no difference in practice. In regard to that mutuality of action which results from the quality of the right and the character of the party, we began by enforcing the rule in Danach *v.* Hays, 2 *Yeates* 208, and we have steadily pursued the same course through Murray *v.* Williamson, 3 *Binney* 35; Waln *v.* Anthony, 5 *Serg. & Rawle* 468; Jamison *v.* Brady, 6 *Serg. & Rawle* 466; Wolfersberger *v.* Bucher, 10 *Serg. & Rawle* 10; and Minich *v.* Cozier, 2 *Rawle* 111, to the present time. But though this species of mutuality is indispensable in that class of cases, it follows not that a set-off may be made in every instance where it is found; for though the fact that one of the parties is a naked trustee will not alone prevent it, as was intimated in Wolf *v.* Beales, 6 *Serg. & Rawle* 244, it may do so when assisted by circumstances; for if the consequences would endanger the security of a third person, the defendant would be restrained, as he was in Wilmarth *v.* Mountford, 8 *Serg. & Rawle* 124, where he was a creditor, and the plaintiffs were trustees of an insolvent debtor. In that case, however, there was not a perfect mutuality in respect to the quality of the right, inasmuch as the action was brought for the price of trust property which had passed to the plaintiffs by the assignment; and it was brought, therefore, legally in their own right. A more apposite instance is a set-off of the sheriff's debt in an action by the assignee of a bail bond, which has been rejected in England. Yet defalcation is allowed there, as well as here, betwixt a separate creditor and a surviving partner as the legal plaintiff, though it is necessarily attended with a greater or less degree of risk to the representatives of the deceased partner for whom he is a trustee, to say nothing of the joint creditors. It is no greater, however, than what is incurred from every set-off against a trustee; and the foundation of the right seems to be the inconvenience, if not impracticableness, of going into a calculation of chances so remote as those of his eventual ability to make good the amount to the trust. Then as to the want of mutuality produced by a change of the relations

and number of the parties, the rule is that set-off is inadmissible, subject, however, to exceptions where it clearly appears that no interest of a third person can be prejudiced by it. Thus in Childerston *v.* Hammond, 9 *Serg. & Rawle* 68, two defendants were allowed to set off a debt due to one of them, which, being a matter that concerned themselves, they well might do so far as to extinguish the adverse debt; but, on the other hand, a joint obligor, who alone had been summoned, was prevented in Henderson *v.* Lewis, *Ibid.* 379, from setting off a debt severally due to his co-obligor, not only because there was no reciprocity of action, but because he proposed to involve a right which was not subject to his control. The assertion that the set-off would have been inadmissible even had both been parties, I take the present opportunity to retract; for the objection might certainly have been obviated by the concurrence of him whose separate property it was proposed to apply to their common debt. The general rule, however, is opposed to a set-off; and it is allowed in such a case only by way of exception and where it is entirely clear that the interests of third persons will not be involved in it. Where the debt is demandable in a different character there is no exception whatever; for defalcation would in such a case be extremely inconvenient and attended with almost certain injustice. Take the case before us as an example. The costs proposed to be defalcated were not incurred by the intestate, and they are conseqnently the proper debt of the plaintiff, his administrator, who may doubtless entitle himself to an allowance for them in the settlement of his account; whence an argument that they may as well come out of the assets directly as circuitously. But it may possibly be shown that they were incurred in the prosecution of suits which ought not to have been brought, and consequently that they are not to come out of the assets at all, which, were they to pay in the first instance, would suffer a loss *pro tanto* in the event of the plaintiff's insolvency; for I doubt whether a defalcation by judgment of law would fix him with an involuntary *devastavit,* so as to bring the transaction within the security of his administration bond. This is the foundation of the rule in respect to actions wanting mutuality in the quality of the right and character of the parties, and we may safely say that it protects those beneficially interested from every risk whatever. Wolfersberger *v.* Bucher is, in principle, the case before us; and it is clear that the rejection of the evidence was proper.

Judgment affirmed.