## Kelsey *versus* Murphy.

A verdict does not bear interest, prior to the entry of judgment. Nor can judgment be entered for the amount of the verdict, with interest for the intervening period.

On the simple affirmance of a judgment by this court, interest is not to be calculated on the aggregate of the judgment and interest then due.

In such case, the original judgment is the amount on which interest is to be charged.

McCausland's Administrators v. Bell, 9 *S. & R.* 388, doubted.

This court has power to enter judgment *quod recuperit*, for the amount of the original judgment with interest thereon; and such judgment will then bear interest on the aggregate.

So, a Court of Common Pleas has power to impose terms on a party asking for a new trial, when the reasons indicate some default on his part, such as arises out of the averment of after-discovered testimony, and the like, and may make it a condition, on granting the rule to show cause, that on failure to substantiate his reasons, interest shall be allowed for the time the plaintiff may be delayed in obtaining judgment.

ERROR to the Common Pleas of *Schuylkill county.*

This case is reported in 2 *Casey* 78. The facts which gave rise to the present writ of error sufficiently appear in the opinion of the court.

*E. O. Parry*, for the plaintiff in error, cited Lord *v*. The Mayor of New York, 3 *Hill* 426; Bailey *v*. The Mayor of New York, 7 *Hill* 146; Watson *v*. Fuller, 6 *Johns.* 283: Stafford *v*. Mott, 3 *Paige* 100; Heydle *v*. Hazlehurst, 4 *Bibb* 19; Smith's Administrator *v*. Todd's Executor, 3 *J. J. Marsh* 306; Shockey's Administrator *v*. Glasford, 6 *Dana* 16, 17; Act of 1700, *Brightly's Purd.* 466; Fitzgerald *v*. Caldwell, 4 *Dall.* 252; Respublica *v* Nicholson, 2 *Dall.* 256.

*F. W. & J. Hughes*, for the defendant in error, cited The People *v*. Gaine, 1 *Johns.* 343; McCausland's Administrators *v*. Bell, 9 *S. & R.* 388; Penrod *v*. Mitchell, 8 *S. & R.* 522; Wither's Appeal, 4 *Harris* 151; Jones *v*. Ringold, 1 *Yeates* 480.(a)

The opinion of the court was delivered by

THOMPSON, J.—This is a question of interest on a verdict. The verdict was rendered on the 16th of December 1851; and two days thereafter motions in arrest of judgment and for a new trial were made. These motions were heard and overruled on the 29th of November 1852, and judgment entered on the verdict, having been held over for a period of near eleven months. After this the cause was removed to this court, and having been affirmed, the plaintiff

(a) And see the *dictum* of WOODWARD, J., in Buckman *v*. Davis, 4 *Casey* 215, which is hereby overruled.

[Kelsey *v.* Murphy.]

below moved the court for a rule to show cause why execution should not issue on the judgment, to collect interest after the date of the verdict to the date of the judgment, and also interest on the judgment, and interest after the date of affirmance. On hearing, the rule was made absolute, to include interest from the fourth day after verdict. The error assigned is to the action of the court in making this order.

A careful investigation has not resulted in the discovery of any satisfactory foundation for this order. To support it, some law, usage, or practice, known to exist by courts and juries, debtors and creditors, should be shown. But our experience, as well as our books of practice, are equally at fault in furnishing this support. Nor did the learned counsel, who argued for the defendant in error, point to a single case or dictum in Pennsylvania sustaining his view of the law. The only reference to the point that I have been able to discover in our reports, is to be found in the case of Brenton *v.* Hoops, 8 *Watts* 74. And although the exact point now under consideration was not involved in that case, yet being considered analogous, the negative of the doctrine was assented to, without hesitancy, to illustrate the point under consideration. The great experience of the bench at the time, is powerful evidence against the existence of any practice in the courts, warranting the allowance of interest in such cases. The question before the court was, whether executors were chargeable with interest on funds in their hands, during the pendency of exceptions to an auditor's report on their accounts in the Orphans' Court, and to illustrate the negative of this proposition, the court say, " Besides, the case, in other respects, is like the verdict of a jury, during the *pendency of a motion for a new trial*, in which, if the motion is denied, there is judgment for the principal and interest, previously found, without regard to the intervening time." 8 *Watts* 74.

Interest has been defined " to be a compensation allowed to the creditor for delay of payment by the debtor," and is said to be impliedly due " whenever a liquidated sum of money is unjustly withheld :" 10 *Wheat.* 440. And again,—but rather by way of amplification,—it is said " to be a legal and uniform rate of damages allowed in the absence of any express contract, when payment is withheld after it has become the duty of the debtor to discharge his debt." From these definitions, differing but little in essentials, two things must necessarily pre-exist to raise this duty on part of the debtor, namely, the ascertainment of the amount to be paid, and its maturity. If these essentials are wanting, the debt, although existing, cannot be said to be due and withheld, and the duty to pay has not become imperative upon the debtor. Unliquidated demands, past due, will, if otherwise entitled, bear interest, upon the maxim of *id certum est quod certum reddi*

[Kelsey *v.* Murphy.]

*potest.* They can be rendered certain. But while the question of indebtedness, under all the ascertained facts in the case is under consideration in the courts, as is the case on a motion for a new trial, the contract of the debtor is suspended. The case is in *gremio legis*, and is presumed to be held under consideration by the ministers of the law. The debtor can neither pay, nor tender, so as to avail anything, even if disposed to abandon the contest. It is emphatically, and in truth, the "law's delay." It is an incident inseparable from the civil machinery that the law puts in operation to ascertain the truth between man and man, and until the process be gone through with, it presumes that errors may exist, and hence not only indulges such delays occasionally, but sometimes brings out of them the finest achievements of its mission. Consideration is as necessary in the administration of justice as evidence, and every judgment formally entered, recites that it is " considered and adjudged." Considered first, and adjudged afterwards. This is the purpose and object of motions for new trials where there is doubt, and if permitted to be diverted from this just purpose, it is more the fault of the administration of the law than of the law itself, but it cannot be said to be the fault of the party. While, therefore, the very essence of the contest is being considered, and the result is *in dubio*, it is easy to see, that no duty rests upon the party ultimately liable to pay, as long as that condition lasts, and of course he ought not to be obliged to make compensation to the opposite party, because it exists and continues for a time. That the proceeding is still immature, when a verdict is rendered, is apparent, when we consider that it is in a condition on which no process can issue, and on which no action can be maintained, and is no lien on either real or personal estate. For these and other reasons, neither the common law of England, nor the practice there, or with us, have sanctioned the collection of interest as incidental to a verdict during the pendency of a motion for a new trial.

There is a note in 2 *Bos. & Pul.* 205–6, Hartford ed., in which is given a list of the kind of claims which bear interest in England : judgments by statute, and bonds, notes, bills, accounts, &c., by the usage of trade and by contract, but verdicts are nowhere mentioned in it, and I am fully satisfied that such a claim was never sanctioned there.

Two cases were cited from the state of New York, as maintaining the principle contended for by defendant in error. But as the common law gives no sanction to any such practice, it must be found to have its existence in laws peculiar to that state. The cases since 1848 certainly do depend upon statutory regulation. The Code of Procedure of 1848, amended in 1857, expressly provides that interest may be taxed with the costs, after judgment, to the date of the verdict. This is confined to cases where the

[Kelsey v. Murphy.]

verdict is founded on a cause of action arising *ex contractu.* The case in 1 *Johns. Rep.* 343, The People *v.* Gaine, decides that where the delay is occasioned by defendant, in making a fruitless motion for a new trial, interest may be allowed. Upon what foundation this decision was rested does not appear, but from the fact that after its date we find a provision authorizing such a course in the Code of Procedure, it is more than probable that a similar provision existed before the decision. In Mississippi it has been decided that where the jury has found a verdict for a specific sum, the court cannot render judgment for any greater amount: 24 *Miss. Rep.* 463. But little appears in the books on this subject, but what does appear, I think, is sufficiently indicative that no practice, in the absence of statutory provision, exists to calculate interest on verdicts; and, as this corresponds with our own views, we think the court erred in the order for the calculation of interest in this case, as incidental to the verdict.

It is not doubted, but that a court has power to impose terms upon a party asking for a new trial, where the reasons indicate some default on his own part, such as arises out of the averment of after-discovered testimony, or the like; and may make it a condition, in granting the rule to show cause, that on failure to substantiate his reasons, interest shall be allowed for the time the plaintiff may be delayed in obtaining judgment. So, too, where the motion being entered for any proper reason, its final disposition is asked to be delayed on the defendant's motion, the court might allow continuances on the same terms. In such cases the allowance of interest would result from consent, and be conventional, and not an incident of the verdict, which we say does not exist as such.

That portion of the order which allowed interest on the aggregate of the judgment, and interest after affirmance, we also think was unauthorized. The judgment of this court was simply a judgment of affirmance, with costs, and not *quod recuperit.* By the Act of 1836, taken from the Act of 1722, the Supreme Court has jurisdiction " to examine and correct all, and all manner of errors of the justices, magistrates, and courts of this Commonwealth, in the process, proceedings, judgments and decrees, as well in criminal, as in civil pleas or proceedings, and thereupon to reverse, modify or affirm such judgments and decrees, or proceedings, as the law doth or shall direct," " and to issue execution or other process for the recovery of costs, which have accrued or may accrue in said court, as well as in all cases which have heretofore been decided." We have no doubt of the power of this court to enter judgment, or direct it so to be entered as to effect the object attempted to be obtained in this case; but the judgment of this court in the case was simply a judgment of affirmance—that the judgment of the court below stand, as if nothing had occurred to interfere with it, and costs of this court on the writ of error, pro-

344 SUPREME COURT [*Philadelphia*

vided for as an incident by Act of Assembly. The case in 9 *S. &*
*R.* 388, seems to be an authority against this view of the case, but
whether it be so or not, depends upon how the case came before
the court, which the report does not show. Whether upon an
application to render the judgment special, so as to make the
allowance of interest part of the judgment, does not appear; but
in our case the judgment was simply an affirmance, which was not
a modification of the judgment, and which we think the court
below could not enlarge by the allowance of interest, as they did.
For these reasons the order of the Common Pleas must be
reversed.

Order reversed.