## McKOWN v. MANHATTAN LIFE INS. CO.

(Circuit Court, W. D. Pennsylvania. June 9, 1898.)

SET-OFF—MUTUALITY OF DEMANDS—ACTION ON INSURANCE POLICY.

In an action by an executrix on a policy of life insurance, payable by its terms to the "executors or administrators" of her testator, the defendant cannot set off a judgment, recovered against the insured in his lifetime, for want of mutuality in the demands; the insured, who was defend-

ant's debtor, never having had any claim or right of action against the defendant on the policy.

This was an action at law by Elizabeth C. McKown, executrix of James C. McKown, deceased, against the Manhattan Life Insurance Company on a policy of life insurance.

On trial, the court charged the jury orally as follows:

Gentlemen of the Jury: This is an action brought by Elizabeth C. McKown, executrix of James C. McKown, deceased, against the Manhattan Life Insurance Company. The suit is upon a policy of life insurance effected by James C. McKown, who was the husband of the plaintiff, in the year 1883. He kept the policy alive, first by payment of annual premiums, and then by payment of quarterly premiums, until his death on the 2d day of June, 1897. The policy is for $10,000. It appears that due proofs were furnished the company of the death of the insured; and, as I have stated, the evidence is that, by the payment of the premiums, the policy was kept in force until Mr. McKown died; so that the case, as presented to the court and jury, is a case of life insurance effected and kept in force until the death of the insured, and proper death proofs furnished. Now, upon such state of proofs, the liability of the company to pay the insurance to the representative of the estate of the deceased is clear. This policy was in Mr. McKown's own name, and it was payable at his death to his executor or administrator. His wife, the present plaintiff, is the executrix of the estate of Mr. McKown, under his will. She, therefore, as executrix, has the legal title to this money, and she is here in a court of law, suing upon the insurance policy. She claims to be the assignee of this policy, and she has asserted, through her counsel here, a right to this money in her individual capacity as assignee. That question is not determinable here. She is not suing upon her alleged equitable title, and that is not involved in this action. It seems that her husband was very largely indebted at the time he executed an assignment of the policy to his wife. He was very largely indebted to the defendant company, and that company has judgments against him to the amount of, perhaps, $38,000. A very large part of that debt—to an amount certainly in excess of $10,000—was due by him to this company when he made the transfer to his wife. That was undoubtedly a voluntary assignment to her,—an assignment without consideration,—being for a nominal consideration of one dollar. She may ultimately, as against the creditors of her husband,—as against this defendant,—maintain her asserted title as assignee to this money, but she cannot maintain that claim in this court in this proceeding. I repeat that she has brought an action at law upon her legal title as executrix; and, without any question as to what may ultimately be her rights as against the creditors of her husband, in her capacity of executrix she is entitled to a verdict and judgment here. Her right to recover upon her legal title is involved in the last point presented by her counsel, and that point requires me to say to you, as a matter of law, that, as executrix of the estate of her husband, she is entitled to a verdict for the amount of this policy, with interest from the time that it fell due. The defendant, the insurance company, pleads a set-off; and I am asked to instruct you, by points submitted by defendant's counsel, that that set-off must be allowed here, and a certificate in favor of the insurance company be returned by the jury for the balance due to the company as between the $10,000 and the judgments. I refuse to give you those instructions. That set-off cannot be asserted here. To allow it would be to disturb the course of the administration of the estate of James C. McKown. It is evident, from the testimony in this case, that he died insolvent, and that he was insolvent when the policy was assigned to his wife. If this set-off were allowed, the whole of this asset of McKown's estate would be appropriated to one creditor. That cannot be done. So that the conclusion of the whole matter is this: that in this action there must be a verdict for the plaintiff, as executrix of her deceased husband; and if, as alleged by the creditors, the insurance money belongs to the estate, then they must call upon her to file an account as executrix, and to account for this fund to the orphans' court, and that tribunal, if the insurance money belongs to the estate, will distribute the

91 F.—23

money. I may add, to avoid all further trouble, that, in so far as the title of this suit states the action to be for the use of Elizabeth C. McKown, it is surplusage, and can have no sort of effect upon the ultimate rights of the parties here. Your verdict will be a verdict in favor of Elizabeth C. McKown, as executrix of James C. McKown, deceased. The long and short of it is this: Mrs. McKown has brought an action at law in this court as executrix of James C. McKown, deceased. She must recover on her title as executrix. She cannot recover in any other way in this court of law in this action. Her alleged title as assignee is not involved here. We cannot here determine whether the money shall go to her ultimately, or whether the creditors of her deceased husband can compel her to account for it. So that the jury will render a verdict for the plaintiff for the amount of the insurance, with interest.

Sur motion ex parte defendant for a new trial. For opinion on appeal, see 90 Fed. 646.

Thomas Patterson, for plaintiff.
Marcus A. Woodward, for defendant.

ACHESON, Circuit Judge. The policy of insurance contains a provision for deducting from the insurance money "any indebtedness on account of this policy," but no other deduction is stipulated for. Therefore the defense to be considered is strictly that of set-off. The decision in Skiles v. Houston, 110 Pa. St. 254, 2 Atl. 30, is not controlling, as the defendant's counsel argues. The ruling at the trial here complained of was not based wholly on Bosler v. Bank, 4 Pa. St. 32, and other cases in the same line involving the question of the allowance of a set-off where one of the demands was not due at the time of death. The objection to the set-off here claimed goes much deeper, resting on the lack of mutuality in the demands. In the allowance of set-offs it is a cardinal rule that the demands must be due in the same right. Stuart v. Com., 8 Watts, 74. Hence it was there ruled that, in an action by an administrator to recover a debt due the estate of his intestate, the defendant could not set off a debt due him by the administrator for services rendered him in the course of his administration of the estate. So, in an action by an executor against a purchaser at a vendue for the price of goods of the estate sold to him, the defendant cannot set off a debt due to him by the decedent. Steel v. Steel, 12 Pa. St. 64. Nor, in a suit against a purchaser at an orphans' court sale of a decedent's real estate, to recover the difference between his bid and the sum realized at a resale caused by his default, can the defendant set off a debt due to him by the decedent. Singerly v. Swain's Adm'rs, 33 Pa. St. 102. By the terms of the policy of life insurance here sued on, the insurance money was payable to the executor or administrator of the insured in 90 days after satisfactory proof of his death. The insured himself never had any cause of action, and could have had none, under the policy. Nothing was payable to him upon any contingency. The stipulation of the insurance company was to pay, after the death of the insured, to his personal representative. The debt here sued for had no existence in the lifetime of the plaintiff's testator. It came into existence after his death. It is true that the policy itself was in existence before, but no debt of the company under it arose, or could have arisen, in the lifetime of the plaintiff's testator. These debts are not due in the same right. One of them is between the plaintiff's testator and the defendant; the

other is between the defendant and the plaintiff, as executrix. Now, at the moment of the death of the insured, the plaintiff, as his executrix, became trustee for all the creditors whose rights to the assets of the estate became fixed. Bosler v. Bank, supra. The decedent's estate is insolvent, and to allow the set-off here claimed would disturb the course of administration. The motion for a new trial must be overruled.