Per Curiam.
This payment is not properly matter of set off, but affords ground for an equitable defence., At the time when the plaintiff obtained judgment, the defendant had no cause of action against him as administrator of Boas, because at that time he had made no payment on the bond on which he was bound as security, consequently the administrator of Boas was accountable to his creditors for the amount of that judgment. The estate of Boas falls short of his specialty *10 debts, so that if suit had been brought against his adminis-* trator, by the obligee of the bond, in which Boas and Dorsheimer were bound, he could have recovered no more than his pro rata proportion of his debt. The most that can be done fQr £>orsheimer, is to place him in the situation of the obligee in the bond, and in that situation we think he ought to be placed. To give him more, would injure the other specialty creditors. If the plaintiff had sued out an execution and recovered the whole amount of his judgment against the defendant, before the defendant had paid the bond ir. which he was security, it would not have been possible for him in any form of action, to have recovered that money back ; but in as much as the payment made by the defendant has relieved the, estate of Boas from the bond, it is equitable that the defendant should receive from that estate, (by way of discount in this suit) just as much as the estate would have been liable to pay on the bond, had the suit been brought against the administrator, that is to say, the pro rata proportion.
Judgment reversed, and a venire faciasde novo awarded.