The opinion of the court was delivered by
Gibson, J.
The plaintiff below is the administrator of Jacob Boas, and brought this suit on a note given by the defendants for the price of certain goods purchased at the sale of the intestates effects: the debt offered to be set off, was due by the intestate in his life time. On the ground of the assets being insufficient to satisfy the specialty creditors, the court disallowed the set off altogether, and the defendants contend, they should have been permitted to defalk to the value of what they could have shown themselves entitled to recover from the estate; which they say, taking the note from which their demand arises, to have the attributes of a specialty, in consequence of its having been assigned to the Swatara Bank, and taking the defendants to have acquired all the rights of the bank, in consequence of having paid the note as the sureties of Boas, would bo the pro rata amount of their demand as specialty creditors after a settlement of the account in the Orphans’ Court: and for this they rely on Borsheimer v. Bucher, 7 Serg. & Rawle, 9. But in the Farmers’ and Mechanics’ Bank v. Greiner, 2 Serg. & Rawle, 114, it was held under the act to incorporate that bank, which in this respect, is precisely like the act by which the Swatara bank is incorporated, that a note discounted at the bank is not, as respects the order of paying debts, to be put on a footing with a specialty; and the foundation of the argument, therefore, fails. But independent of this, Borsheimer v. Bucker does not warrant the inference attempted to be drawn from it. In that case, Borsheimer, who was the surety of Boas, had paid the debt after the administrator of Boas bad obtained a judgment against him for a debt due to Boas in his life time; and to a scire facias on that judgment, Borsheimer was permitted to plead the debt which he had thus paid. This was on the ground that a surety who pays the debt, is entitled in equity to an assignment of the. security, which vests in *13 him retrospectively all the rights and capacities attached to the person of the original owner of it; and as it was not to be doubted, that the obligee could have set the bond against a demand on him originally due to the intestaie, it was held, that the surety, who stood in his place, was entitled to the same advantage, and might plead the bond the first opportunity that occurred; which, in that case, was when he was called on for a plea to the scire facias. It will, therefore, be perceived, that both debts were due in the same right, the suit having been brought for a debt unquestionably due to the intestate in his life time, and which could be recovered in no other than a representative character; and the debt allowed to be set off, being demandable exclusively from his estate, although demandable only after his death: a circumstance which is wanting here. Where the assets have not actually come to the hands of the executor or administrator, he can sue for them only in a representative character; but where they have been reduced to possession, he can sue for them or for their price, only in his own right; in which case, naming himself executor is unnecessary, and where he does so, merely surplusage. The reason is, that as against third persons he is the absolute owner; and it has indeed been thought, by at least one able judge, that he ought to be treated as the owner in favour of third persons, so as to subject the goods to execution for his own debt; but all doubts on that head are now at rest. This, then, is an action brought by a man in his own right, in which there was an offer to set off a demand due by him as administrator; and it is well settled, that such set off cannot be allowed. Statutes of set off' are intended for cases where a discount may be made without confusion or inconvenience. Here the set off would necessarily introduce an inquiry into the amount of the specialty debts, and the sale of the assets; without which, the proportional part to which the defendants may be entitled, could not be ascertained. It is true, that in Dorsheimer v. Bucher, the same inconvenience ensued from the nature of the defence; but it was unavoidable, both debts being due in the same right, and the responsibility of the defendant, out of which his demand grew, having been complete in the lifetime of the intesta te, although the money was not actually paid till after his death: and even there, the demand was not allowed as a legal set off, but as an equitable defence, and under circumstances of extreme hardship. But an independent cross demand, acquired from a third person after the intestate’s death, would not be entitled to equal favour, and to allow the set off here, would be going a step still further; for to the inconvenience of overhauling the administration account, would be added the plerplexity incident to blending, in the same inquiry, demands due in several rights. In this case the plaintiff would be at liberty to join with the present cause of action, any demand proper in other respects, although without the slightest cast of being due to him in a representative character: which *14 shows he was the owner of the debt, and not merely entitled to the remedy; and the establishing of that point, independent of any other ground, is decisive of the question.
Judgment affirmed.