## Beale et al. *against* Coon.

In an action by a committee of a lunatic to recover the price of goods sold by them, the defendant cannot set-off a debt due by the lunatic to him.

Upon the admission of such set-off, and a certificate of the jury that a certain sum is due the defendant, a *scire facias* thereupon against the individuals of the committee is a variance which is fatal upon the plea of *nul tiel record.*

ERROR to the common pleas of *Juniata* county.

John Beale and P. M'Kennan, plaintiffs in error against Jacob Coon, defendant in error.

The plaintiffs in error were a committee of Frederick Nipple, a lunatic, and as such sold his personal property to Jacob Coon, the defendant in error, and took his note therefor. They brought suit on this note, to which Coon made defence, and the court permitted him to set-off a debt due by Nipple, the lunatic, to him, and the jury certified a balance in favour of the defendant. The defendant then issued a *scire facias* against Beale and M'Kennan, to appear and show cause why execution should not issue against them for that amount, to which the defendants pleaded *nul tiel record,* and the court rendered a judgment for the plaintiff Coon.

*J. Fisher,* for plaintiff in error, cited, Gier *v.* Huston, 8 *Serg. & Rawle* 402.

*Parker,* for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—This suit was brought by Beale and M'Kennan on a sealed note of the defendant, payable to them or their order. The defendant alleged and was permitted to prove that it was given in

[Beale et al. v. Coon.]

consideration of certain goods bought from the plaintiffs, which were the property of one Nipple, a lunatic; that the plaintiffs were his committee, and that he had a claim to a greater amount against the estate of Nipple.   On this foundation the court charged the jury to certify the balance due to the defendant from the estate of Nipple, of which M'Kennan was the committee, Beale having been discharged.   The jury found for the defendant, and certified, that "there is due to the defendant 93 dollars 57 cents, out of the estate of Frederick Nipple, of which *plaintiff* is the trustee, which is to be paid out of said estate."

The suit being brought by the plaintiffs, on a sealed note in their favour, the set-off of a debt due from the estate of Nipple the lunatic, if objected to, was inadmissible.   If the plaintiffs were chargeable with that debt as his committee, they were liable in another right, and it cannot be mingled up with a claim in their own right.   It has been held, that if an administrator sues in his own right for goods of the intestate sold to the defendant by him, the defendant cannot set off a demand against the intestate.   Wolfersberger *v.* Bucher, 10 *Serg. & Rawle* 13.   "The statutes of set-off," says Mr Justice Gibson in that case, "are intended for cases where a discount may be made without confusion or inconvenience."   The present case abundantly manifests the confusion that follows a deviation from regularity of proceeding in this respect.   Nipple was not a party to this suit, and yet he and his estate are drawn into the controversy, and charged by the verdict with a sum of money.   All actions by or on behalf of a lunatic placed by law in the care of a committee, must be in the name of the lunatic and the committee.   The latter must join to manage the interests of one who is disabled to protect himself: and the lunatic must be joined, because he may recover his understanding, and then is to have the management and disposal of his estate.   He resembles, as to this, an infant, who always appears by guardian or next friend.   *Noy* 27; *Hutt.* 16; *Cha. Cas.* 153.   If then the estate of Nipple was to be charged, the certificate was wrong, because he was not a party, and could not be incidentally affected by an action which his committee were prosecuting in their own right.

The defendant, however, proceeded to treat this finding as a certificate of a debt due by the plaintiffs, and issued a *scire facias*, alleging a certificate of a debt due by the plaintiffs as a committee of the estate of Frederick Nipple a lunatic, and a refusal to pay, and calling on them to show cause why execution should not be issued against them. The plaintiffs appeared and pleaded *nul tiel record*.   It is obvious, that the finding of the jury is not of a debt due by the plaintiffs, but of a debt due by the estate of Nipple, and expressly payable out of that estate, and that there was a material variance in the record recited, from the finding of the jury.   Besides, which, the jury certify that the "*plaintiff is the trustee;*" whereas both are charged in the *scire facias*. It is probable, from the charge of the court, the jury meant M'Ken-

[Beale et al. v. Coon.]

nan, as it there appears Beale had been discharged. But which was intended they do not designate. In this, and in other respects, the record is much deformed by obscurities and clerical errors.

Judgment and proceedings thereon reversed, and *venire facias de novo* awarded.