[Stephens *v.* Cotterell.]

## Stephens, et al., Administrators, *versus* Cotterell.

1. In an action by an administrator to recover the price of goods belonging to his intestate which he in his official capacity has sold, the defendant cannot set off a debt due him by the intestate.

2. In an action by an administrator the plaintiff is competent to give evidence as to facts existing and acts occurring subsequent to the death of his intestate, even though the evidence may in its effect tend to prove that the same facts existed prior to the death of such intestate.

3. A. died intestate owning a number of mules. Letters of administration were granted upon his estate ; the mules were included in the inventory and appraisement, and were afterwards sold at public sale by the administrators. In an action by said administrators against B., the purchaser of the mules at said sale, for the price bid by him, B. defended on the ground that he held a note of A. exceeding in amount the price so bid by him, that he had agreed with A. in his lifetime that the mules in question should be put into the possession of the persons who were afterwards A.'s administrators with instructions to sell them and apply the price on account of said note; that in pursuance of said agreement the mules were put into the possession of those persons prior to A's death and so continued; that they remained unsold until after letters of administration were granted on A.'s estate; that when B. purchased them at the sale he did so under the belief that he was buying under the agreement made with A.; and finally that after the sale the administrators agreed that the sum bid by B. should be credited and indorsed on the note. Plaintiffs, in order to contradict this evidence, offered to show that they did not take possession of the mules until about the time of the appraisement. *Held,* that this evidence was competent and relevant, and should have been admitted.

4. In the above case, nothing less than clear and specific evidence was admissible on the part of the defendant in support of his contention.

5. Administrators have not the power, in distributing the estate of their intestate, to give one creditor priority over another.

6. In the case above mentioned, it was held error to submit to the jury the question as to what the defendant's belief was at the time of sale as to the terms thereof, there being no reason shown for such belief other than that the mules were unsold at the time of A.'s death, and the question of the plaintiff's belief at the time of the sale being wholly irrelevant.

7. A widow may testify as against the interest of the estate of her deceased husband in relation to facts which came to her knowledge otherwise than through the confidential relations existing between them.

November 17th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Greene county :* October and November Term, 1881, No. 112.

Assumpsit, by Azariah Stephens and Barzilla Stephens, administrators of Israel Stephens, deceased, to recover the price bid

[Stephens *v.* Cotterell.]

by the defendant, at a sale by the plaintiffs for certain horses and mules belonging to the estate of the plaintiff's intestate. The defendant obtained possession of the horses, &c., and refused to pay for them.

On the trial, before WILLSON, P. J., the defendant gave evidence, under objection and exception, that Israel Stephens, in his lifetime, being indebted to the defendant, agreed that the said horses and mules should be taken possession of and sold by his brothers, Azariah and Barzilla Stephens, the plaintiffs in this case, for the purpose of paying said indebtedness; that plaintiffs did take possession, but that before a sale could be had, Israel Stephens died and letters of administration on his estate were granted to the plaintiffs; and that defendant bought the property at the sale, under an arrangement with the plaintiffs, that the price was to be applied to said indebtedness.

The plaintiffs denied that they took possession of the property during the lifetime of Israel Stephens, and that any such arrangement existed at the sale; further, that as the estate of Israel Stephens was insolvent they had no power to make any such arrangement.

It appeared that shortly after Israel Stephens' death, Azariah Stephens, one of the administrators, wrote to the defendant the following letter:

　　　　　　"GARARD's FORT, August 4th, 1874.

"JOHN COTTERELL.—Dear Sir: If you want two horse mules, and will give three hundred dollars for them, you may have it on your note, and they must be cried off at the sale. If anybody gives more than you will give, let them go, and we will give you the three hundred dollars on the note, and we will take them back sale. Come and see me at the sale before they are sold.　　　　　　"Yours,
　　　　　　　　　"AZARIAH STEPHENS."

The admission of this letter was objected to on the ground that it does not amount to such an arrangement as is alleged by the defendant, and if it does, it was an excess of power and a nullity. Objection overruled; exception.

Barzilla Stephens, being called as a witness, the plaintiffs offered to prove by him that he took possession of the property on or about the date of the appraisement, and had no custody or control of the property before that. Defendants object to the evidence offered, upon the ground that it tends to prove a fact occurring prior to the death of Israel Stephens; and, second, because, so far as it tends merely to prove that they got possession after the death of Israel Stephens, it is irrelevant, that fact not being material. Plaintiffs offer to prove by this witness where he found the property after letters of administration had

[Stephens *v.* Cotterell.]

been granted to him and Azariah Stephens, and in whose pos-
session it was. This for the purpose of showing that the
property was not in his custody or control prior to the death of
Israel Stephens. Defendant objects to the evidence offered, on
the ground that the tendency and object of the evidence is to
prove a fact occurring before the death of Mr. Stephens, and
that, so far as it tends to prove possession, after the death of
Israel Stephens, it is irrelevant. Objection sustained; exception.
(Third assignment of error.)

The defendant having called Mrs. Stephens, widow of
Israel Stephens, the plaintiffs objected to her as incompetent
to testify against the interest of her deceased husband's estate.
Objection overruled ; exception.

The defendant requested the court to charge (3) that if the
jury found that the arrangement between Israel Stephens and
the defendant existed, as alleged by defendant, and " that the
defendant, at the vendue, purchased the horse, mules and heifer,
believing, from what he had heard from the administrators, that
he was purchasing in pursuance of said agreement, that the
property so purchased was delivered to him by the said Barzilla
and Azariah, and that with their acquiescence he entered a
credit on the note for the amount of his bid, they cannot re-
cover." *Affirmed.* (Seventh assignment of error.)

Verdict and judgment for the defendant. The plaintiffs
took this writ of error, assigning for error, inter alia, the ad-
mission of any evidence on the part of the defendant in support
of his alleged arrangement with Israel Stephens in his life-
time ; the admission of Mrs. Stephens, widow of Israel
Stephens, as a witness on behalf of the defendant ; the admis-
sion of the letter of Azariah Stephens ; the rejection of the
plaintiff's offers of testimony as above stated ; and the affirm-
ance of the defendant's third point.

*Purman* (*Borb* with him), for the plaintiffs in error.—The
alleged arrangement between the defendant and Israel Stephens
was executory only, and, not having been consummated during
Israel Stephen's lifetime, expired. The administrators were
trustees and this property was trust property. The defendant's
alleged contract with the decedent is no answer to the plaintiff's
demand that the defendant shall comply with the new contract
made by him with them. All evidence relating to the alleged
contract with the decedent was, therefore, irrelevant and should
have been excluded : McCandless's Estate, 11 P. F. Smith 12.

*Buchanan* (*Wyly* and *Walton* with him), for the defendant
in error.

[Stephens *v.* Cotterell.]

Mr. Justice MERCUR delivered the opinion of the court, January 3d 1882.

This suit was to recover the sum bid by the defendant on his purchase of personal property at a sale made by the plaintiffs as administrators of Israel Stephens. The defendant held a note against the decedent, and claims to have paid his bid by indorsing the amount thereof on the note.

It is settled law that in an action by an administrator to recover a debt for goods of the intestate, which he as administrator sold to the defendant, the latter cannot set off a debt due from the intestate to him. After the administrator has reduced the goods to his possession and sold them, he may sue for such debt in his own right. It is for the enforcement of a contract made with him. Naming himself as administrator is surplussage. Wolfersberger et al. *v.* Bucher, 10 S. & R. 10 ; Beale et al. *v.* Coon, 2 Watts 183 ; Steel *v.* Steel, 2 Jones 64.

To avoid the application of this rule of law and to strengthen his position, the defendant gave evidence that there was an agreement between him and Israel Stephens, by which the property, afterwards bought by him, should be put into the possession of Barzilla Stephens and Azariah Stephens with instructions to sell it, and apply the proceeds thereof on said note ; that in pursuance of the agreement the property was put into their possession and so continued ; that it remained unsold until after letters of administration on the estate of Israel issued to them ; that he purchased at the administrator's sale with the belief that he was buying under the agreement made with Israel; and that, after his purchase, the administrators consented that the sum bid, be indorsed on the note. The plaintiffs strenuously denied having taken any possession of the property, in the life of Israel, or that they consented to an indorsement on the note of the sum bid.

The facts are unquestioned that the estate of Israel Stephens is insolvent, and that the property in question was duly inventoried and appraised as the property of the estate after the plaintiffs were appointed administrators thereof.

In the rejected evidence covered by the third assignment there was an offer to prove by Barzilla Stephens, one of the plaintiffs, substantially that he first took possession of the property on or about the time of the appraisement, and also, where the property was found after letters of administration were granted to the plaintiffs. The defendant objected thereto, first, as it tended to prove a fact prior to the death of Israel, and second, that where they found it, when they took possession after his death was irrelevant. The objections were sustained. In this we think there was error. It is not concealed that one purpose of this evidence was to create a presumption that the

present plaintiffs had not taken possession of the property before the death of Israel. Nevertheless the offer was to prove facts existing and acts occurring after his death. Although the evidence may, in its effect, tend to prove the same fact existed prior to his death that is no cause for its exclusion : Rothrock *v.* Gallaher, 10 Norris 108. It was entirely competent to prove, as bearing on both positions contended for by the defendant, where the property was found, and in whose possession, at the time the administrators, as such, took possession thereof.

As no sale of the property was made during the life of Israel, and it was inventoried, appraised, and sold, after his death, as the property of his estate, nothing less than clear and specific evidence should be permitted to divert the money for which it sold, from a distribution among all the creditors. Having been sold as the property of the estate, it is the interest or property of the estate only, which is presumed to have passed by the sale, and for this alone, the defendant bid. There is no evidence of any notice given at the sale, that the exclusive and unquestioned right of property was not in Israel at the time of his death. The plaintiffs, as administrators, held all the personal estate of the decedent, in trust for his creditors. Acting as such they sold the property. They had no power to prefer a creditor whom the law did not prefer. They could not by agreement change the due course of distribution to the prejudice of any of the creditors. It was held in Fritz *v.* Thomas, 1 Wh. 66, that an administrator sued in his representative character for a debt due by the decedent, may plead the statute of limitations as a bar to the action, although such administrator may have made such an acknowledgment of the debt as in the case of a person sued for his own debt, would be sufficient to take the case out of the statute. The administrator cannot be compelled to adhere to an agreement made by him with one creditor in fraud of other creditors : Steel *v.* Steel, supra.

In affirming the point covered by the seventh assignment undue weight was given to the belief of the defendant, if when he bought at the vendue, "he believed from what he had heard from the administrators that he was purchasing in pursuance of said agreement" made with Israel. Whether the administrators or any other person so believed or understood at the time of the sale is wholly ignored in the point. Nor is any fact stated therein showing why he then believed it, other than that the property was unsold at the time of Israel's death.

The mere fact that Mrs. Stephens was called to testify against the interest of the estate of her deceased husband, did not make her incompetent. She is competent to testify to facts which came to her knowledge otherwise than through the confidential relations existing between her and her husband. Such

were the facts here, and she was therefore competent. We discover no error in the second and fourth specifications. In so far as the others are in conflict with this opinion they are sustained.

Judgment reversed and a venire facias de novo awarded.