Hoffer's Estate.   Earnest's Appeal.

*Title of executor to notes against testator—Evidence.*

An executor who is the payee of the note of his decedent 'which is over-due at the time of decedent's death, must show clearly that he held the note by a title hostile to that of decedent. This he may do by showing that the note was in the custody of his wife immediately after decedent's death.

*Evidence—Decedents' estates—Witness.*

A wife may testify to a fact existing or an act occurring after the decedent's death, where her husband is the claimant, although the evidence may in its effect tend to prove that the same fact existed prior to decedent's death.

*Executor's commissions—Mistake in account.*

A mere mistake in claiming a credit in an account, where there is no fraudulent intent, will not deprive an executor of his commissions.

The commissions of an executor cannot be calculated in part upon his own debt to the estate.

*Costs of audit on exception and distribution.*

Where an auditor is appointed on exceptions to an executor's account, and on distribution, and the exceptions to the account are sustained, it is proper to place part of the costs on the estate.

Argued May 30, 1893.   Appeal, No. 20, May T., 1893, by Mary Earnest et al., guardians of Thomas minors, from decree of O. C. Dauphin Co., sustaining exceptions to report of auditor on exceptions to and distribution of account of executor of Joseph Hoffer, deceased.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Exceptions to report of auditor on exceptions to executor's account, and on distribution.

The account was referred to William H. Middleton, Esq., as auditor, who refused to allow credit for two notes made by decedent and payable to accountant.   One note was for $266.67 and the other for $300.   Both notes were overdue at the date of decedent's death.   There was evidence that the notes were in possession of accountant's wife immediately after decedent's death, and were handed over by her to accountant.

The auditor also refused a credit of $1,042.43, claimed to be

due accountant under the circumstances stated in the opinion of the court below.

The auditor also refused to allow accountant's claim of $450 for commissions.

Exceptions to the auditor's report were sustained by the court, in the following opinion by McPHERSON, J.:

"We think that the auditor erred in rejecting the two notes of $266.67 and $300, respectively.  It is undoubtedly true that these notes, being overdue obligations of the decedent, might have been paid by him and been found among his papers by the executor.  The executor is also the payee, and therefore as his possession might be either in his own right or merely as executor he was bound to show clearly that he held the notes by a hostile title : McGeary's Ap., 5 Cent. R. 855 ; McMahon's Est., 132 Pa. 179.  This he undertook to do by offering to prove that these notes were in the custody of his wife immediately after his father's death, and were handed over to him by her.  If true, and we find the fact to be as just stated, this explained the otherwise ambiguous character of his possession, and showed that he held them as an individual and not by virtue of his executorship.  No doubt the auditor would have reached the same conclusion if he had considered Mrs. Hoffer's testimony, but he rejected it as incompetent, apparently overlooking the cases of Rothrock v. Gallaher, 91 Pa. 108, Stephens v. Cotterell, 99 Pa. 188 ; Foster v. Collner, 107 Pa. 305 ; Adams v. Edwards, 115 Pa. 211 ; Porter v. Nelson, 121 Pa. 628 ; Patterson v. Dushane, 137 Pa. 23, which distinctly hold that a witness may testify to a fact existing or an act occurring after the decedent's death, although the evidence may in its effect tend to prove that the same fact existed prior to his death.  As the accountant himself could have testified to his wife's custody of these notes after his father's death, the case of Bitner v. Boone, 128 Pa. 567, does not apply.  These credits of $412.44 and $396 must be restored.

". Upon the next subject of dispute there are no findings of facts, the auditor believing that the order recommitting the report gave him no power to consider the evidence offered.  We therefore find the facts to be as follows :

"In March, 1884, Aaron J. Hoffer, the accountant, gave to his father, Joseph Hoffer, the decedent, a mortgage for $5,300

on the upper or Cumbler farm, in Lower Swatara township. In
1887 $1,000 was paid, and the remainder was due as follows:
$500 on April 1, 1889; $500 on April 1, 1890; $500 on April 1,
1891; $500 on April 1, 1892; $500 on April 1, 1893; $500 on
April 1, 1894; $500 on April 1, 1895; $500 on April 1, 1896.

"These installments did not bear interest until after the re-
spective dates of maturity. In January, 1888, the decedent de-
sired to buy a farm from Eshelman & Ebersole, and in order to
raise the necessary money proposed that if Aaron would make
immediate payment of the principal he would afterwards pay the
interest which Aaron would thus lose. Aaron accepted the
proposition and paid the money, and the mortgage was satisfied,
but the decedent never paid the interest in fulfillment of his
promise.

"There was another mortgage for $7,000, given in February,
1881, upon a different farm, similarly securing deferred pay-
ments (from 1889 to 1900), without interest, which was satis-
fied in April, 1883, five years before the transaction now in
question. By a mistake, which is averred to be due to the con-
fusion of these two similar transactions, the accountant claimed
credit for interest on the deferred payments of this mortgage,
instead of claiming it, as was intended, upon the deferred pay-
ments of the mortgage on the upper farm. The credit of
$2,041.48 in the account is therefore admitted to be wrong, and
the claim is restated as $909.93, with interest from April 1,
1888, to May 6, 1890, $114.50, or a total of $1,024.43.

"The credit originally claimed was rejected by the auditor
under an erroneous view of the testimony. The contract is
not made out merely by proof of Joseph Hoffer's declarations.
The unsatisfactory character of this form of testimony is con-
ceded as declared in the authorities cited by the auditor, but
there is much more here than admissions. John Eshelman is
a witness, who was present when the contract was made; if he
is believed—and there is no ground for rejecting his testimony
—he saw the parties face to face, and heard them agree on the
terms. The only declaration or admission is that which Joseph
Hoffer made afterwards, namely, that Aaron had paid the
money; and this admission is about a fact which we do not un-
derstand to be denied, and which indeed is also proved by the
satisfaction of the mortgage. We are of opinion therefore that

under the facts above stated a credit of $1,024.43 ought to be allowed.

" The remaining question is as to the accountant's commissions and the costs of the audit.   The auditor's disposition of this matter was of course based upon his view of the whole case, but as we have not been able to adopt his findings entirely, we have been obliged to consider the question from a different standpoint.   An unfaithful trustee is not to be allowed commissions, but his unfaithfulness must first be established.   In the case before us there is nothing upon which to rest such a charge except the single fact that the accountant asked for a credit in respect of the wrong mortgage.   Of course, if this credit had been taken fraudulently, with intent to cheat the estate out of more than a thousand dollars, no further proof of unfaithfulness would be required ; but a consideration of the whole case satisfies us that there was nothing more serious than carelessness and a consequent confusion of two mortgages which in many respects were similar.   An examination of the record would have shown the accountant that the mortgage for $7,000 had been satisfied in 1883, and therefore could not be the mortgage in question, although it must be admitted that none on either side seems to have thought of making this examination until after the auditor's first report had been presented to the court. The accountant's neglect in this matter, in connection with the two other mistakes in the account, properly subjects him to the costs of the audit so far as his carelessness has caused them to be incurred, but we see no reason why he should be deprived of commissions.   So far as we can discover, his administration of the trust has been honest.   All his claims against the estate have been established except one, and nothing exists upon which a charge of fraud or dishonesty can be successfully based: Price's Est., 81 Pa. 263; Merkel's Est., 131 Pa. 613.   The commissions are too large, however, having been calculated in part upon the accountant's own debt to the estate, which cannot be allowed (Landis v. Scott, 32 Pa. 504; Bedell's Ap., 85 Pa. 398 ; Muth's Est., 6 Pa. C. C. R. 597), and must be reduced to $400.

" We direct that the accountant pay two thirds of the costs of both audits, as reported by the auditor, and the other one third be deducted from the fund."

*Errors assigned* were in allowing (1, 2)· credits on the notes; (3) on the bonds; (4) commissions; (5) costs.

*John E. Fox* and *Casper S. Bugler*, for appellants, cited: McGeary's Ap., 5 Cent. R. 855; McMahon's Ap., 132 Pa. 179; McQuinn's Est., 43 Leg. Int. 184; Heffner's Est., 134 Pa. 436; Burr v. Burr, 26 Pa. 284; Graham v. Graham's Ex'rs, 34 Pa. 481; Swartwalter's Account, 4 Watts, 77; Robinett's Ap., 36 Pa. 174.

*Lyman D. Gilbert, John H. Weiss* and *Robert Snodgrass* with him, for appellee, cited: McGeary's Ap., 5 Cent. R. 855; McMahon's Est., 132 Pa. 179; McConnell's Ap., 97 Pa. 34; Fabian's Est., 14 Phila. 286; McNabb's Est., 13 Phila. 364; Rawling's Est., 13 Phila. 337.

PER CURIAM, July 19, 1893:

All that can be profitably said on the question presented by the specifications of error will be found in the opinion of the learned judge of the orphans' court. We find nothing in the record that calls for either reversal or modification of the decree; and it is affirmed on the opinion of the court below.

Decree affirmed and appeal dismissed, with costs to be paid by appellants.