Opinion by
Rice, P. J.,
This was an action of ejectment for an undivided one-fourth part of a lot alleged to have been conveyed by the Phila. & Reading Coal & Iron Company to Mary Ellen Nolan. The deed pufports to have been executed in March, 1873, and was recorded in May of the same year. Mary Ellen Nolan died intestate, and the plaintiff, a daughter by her first marriage, claimed as one of her heirs. The defendants James Nolan and Ellen Nolan, children of Mary Ellen Nolan by her second marriage, denied the right of the plaintiff and of their deceased mother in the lot, and claimed title through Thomas Nolan, their deceased *322 father. The plaintiff testified that her mother, Mary Ellen Nolan, died in the latter part of 1874. The rejection of the defendant’s offer to prove by James Nolan, one of their number, that she died in 1871, is the subject of the sole assignment of error.
As applied to the question for decision, the controlling words of clause (e), sec. 5, of the Act of May 23, 1887, P. L. 158, are “any matter occurring before the death of said party.” Obviously, to testify as to the date of the death of the party is not to testify to any matter occurring before his death, and, therefore, is not within the letter of the exception to the general rule of competency. The admission of such testimony produces no inequality; and even if it did, that alone would not be ground for excluding it. “Since the passage of the act of 1887 competency is the rule; incompetency the exception. Departures from the common-law rules of evidence are for the legislature, and, when so made, inequalities, real or apparently so, resulting from the legislative removal of the disqualifications of witnesses, cannot be urged as reasons why judges ought not to read the words of legislators as they are written: ” Allen’s Est., 207 Pa. 325; Broadrick v. Broadrick, 25 Pa. Superior Ct. 225. As was held shortly after the passage of the Act of April 15, 1869, P. L. 30, so it may be said, with even greater emphasis since the passage of the act of 1887, “the court, in order to act in good faith toward the legislative branch of the government, must discountenance all objections on the score of interest and policy unless they be made clearly to appear:” McClelland’s Exr. v. West’s Adm., 70 Pa. 183. The same view of the evidence acts was thus expressed in Weaver v. Roth, 105 Pa. 408: “When the words of a statute are plain and direct we have a right to assume that its meaning is expressed in those words; there is in such case no room for construction. The Act of April 9, 1870, P. L. 44, and its amendment of May 11, 1881, P. L. 20, are remedial and enabling statutes, and should be liberally construed. We are not inclined to im *323 port into their provisions anything which will abridge their operation or limit their effect.” It is argued that the act of 1887, in its true intent and meaning, does not permit that to be done indirectly which cannot be done directly, and, as the witness was not competent to testify directly that the deed, purporting on its face to have been executed in 1873, was not delivered to Mary Ellen Nolen, he cannot be permitted to do so indirectly by testifying that she died in 1871. The argument is plausible, but it involves an expansion of the statutory exception above referred to beyond its strict letter, and, in consequence, an abridgment of the remedial scope of the statute. Moreover, it is opposed to the great weight of authority. True, there are decisions which seem to hold that, in a case to which the statutory exception applies a person whose interest is adverse to the right of the deceased party is incompetent to affect that right by testifying “directly” to a fact in issue, as existing after his death, which, if it existed then, necessarily must have existed before his death. To this class belong Lahey v. Heenan, 81 Pa. 185; Foster v. Collner, 107 Pa. 305; Adams v. Edwards, 115 Pa. 211; Sutherland v. Ross, 140 Pa. 379. Shultz v. Boehme, 1 Mona. Pa. 245, was decided on the same principle. The rule deducible from these cases is certainly no broader than we have stated it, if it is as broad. On the other hand, there is a line of cases which hold that an interested person is competent to testify to a fact, or condition of facts, existing after the death of a deceased party in interest, notwithstanding such testimony may “¿Deferentially ” tend to show that the same state of facts existed, or that some other connected fact existed or occurred, prior to the decedent’s death. In the latest case on the subject it was declared that it is immaterial, upon the question of competency, how obvious the inference is; and necessarily this must be so if the rule is sound in principle. Amongst the cases belonging to this class are: Rothrock v. Gallaher, 91 Pa. 108; Stephens v. Cotterell, 99 Pa. 188; Patterson *324 v. Dushane, 137 Pa. 23; Hoffer’s Est., 156 Pa. 473; Krepps v. Carlisle, 157 Pa. 358. The distinction thus indicated between these two classes of cases is not a very broad one, and, in the observance of it in practice, many cases necessarily must fall close to the border line. But, as we read the cases, it is the true distinction. Otherwise it would be difficult to reconcile the former class of decisions with the latter. At any rate, the principle of the latter class is well settled and is applicable, a fortiori, to testimony of the mere fact of the date of the death of the party to the thing or contract in action, whose right therein or thereto has passed, either by his own act or the act of the law, to a party on the record who represents his interest in the subject in controversy. That the admission of such testimony by an adverse party, in the present case, would have laid ground for an inference, however strong, that the deed purporting to have been executed in 1873 was not delivered to Mary Ellen Nolan, was not valid ground for excluding it. As it is not claimed that the witness was disqualified for any other reason, the offer should have been admitted.
Judgment reversed and venire facias de novo awarded.