# Pennell, Appellant, *v.* Phillips.

*Statute of limitations—Promissory notes—Barring the statute—Evidence—Witness—Competency of witness—Party dead.*

1. In an action against a decedent's estate on a promissory note more than six years old, it appeared that there was an indorsement on the note of the payment of one year's interest in plaintiff's handwriting within six years before suit was brought. The plaintiff produced a witness who had never seen nor heard of the note in suit, but testified that he was present at a meeting between the maker and plaintiff, and that the maker inquired of the plaintiff if he had been credited with the interest he had paid, and that the plaintiff then produced and exhibited to the maker a paper of the shape and size of the note in suit. It contained writing on both sides, but the witness was wholly ignorant of the tenor of the writing, and all he could say was that judging from the shape and size of the paper, it was the note in suit. *Held*, that such evidence standing alone was plainly insufficient to bar the running of the statute.

2. In such a case the plaintiff's wife is a competent witness to testify that she saw the note shortly after decedent's death, and that it then had the indorsement on it just as it appeared at the trial.

3. An interested person is competent to testify to a fact or condition of facts existing after the death of a deceased party in interest, notwithstanding such testimony may inferentially tend to show that the same state of facts existed, or that some other connected facts existed or occurred prior to decedent's death.

4. In an action on a promissory note alleged to have been barred by the statute of limitations, where the plaintiff offers certain evidence which the trial judge improperly admits, and rejects certain evidence which should have been admitted, but after a verdict for plaintiff, judgment for defendant n. o. v. is entered, the appellate court in reversing the case, will not enter judgment for plaintiff, but will send the case back for a new trial.

Argued Nov. 14, 1912.  Appeal, No. 84, Oct. T., 1912, by plaintiff, from judgment of C. P. Lancaster Co., March Term, 1909, No. 2, for defendant n. o. v. in case of John J. Pennell v. William Phillips, Executor of the last will and testament of William Pennell, deceased.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.  Reversed.

Assumpsit on a promissory note.  Before HASSLER, J. The note in suit was as follows:

"$510.00.                          July 30th, 1901.
"On demand I promise to pay to John J. Pennell Five Hundred and Ten Dollars ($510.00) without defalcation for value received.
                              "WILLIAM PENNELL."

And indorsed thereon was the following:

"April 1st, 1903, received 1 year's interest on the within note.
                              "JOHN J. PENNELL."

The plaintiff made the following offer:
Mr. Davis: I offer to show by the witness, Mrs. Pennell, that shortly after the death of William Pennell, to wit, about a month thereafter, she saw the note in suit with the receipt of John J. Pennell for the payment of interest indorsed thereon, the same as it now appears.
Objected to by defendant.  Disallowed.  Plaintiff excepts.  Bill of exceptions signed and sealed. [2]
Mr. Davis: I offer to show by this witness that within a period of about six months after the death of William Pennell she was present and showed the note in suit with the indorsement thereon to William Phillips, the executor defendant, and he obtained the same from her temporarily for the purpose of making a copy thereof, which he did.
Objected to by defendant.
Mr. Davis: For the purpose of showing that it was

exhibited to a living party to the suit before the suit was brought, meaning the executor.

Objected to by defendant. Disallowed. Plaintiff excepts. Bill of exceptions signed and sealed. [3]

"Q. I want to show by the witness, John Pennell, that in 1906 the signature and receipt was indorsed on it the same as it is now."

Objected to by defendant. Disallowed. Plaintiff excepts. Bill of exceptions signed and sealed. [4]

"Q. And also immediately after the death he saw the note, and it was in the same condition it is now except worn and torn."

Objected to by defendant. Disallowed. Plaintiff excepts. Bill of exceptions signed and sealed. [5]

Verdict for plaintiff. Subsequently the court entered judgment for defendant n. o. v.

*Errors assigned* were (1) in entering judgment for defendant n. o. v. and (2–5) rulings on evidence, quoting the bill of exceptions.

*B. F. Davis*, for appellant.—The evidence was sufficient to bar the running of the statute: Fox's App., 11 Atl. Repr. 228; Oughterson v. Clark, 20 N. Y. Supp. 381.

Mrs. Pennell was a competent witness: Toomey's Est., 150 Pa. 535; Krepps v. Carlisle, 157 Pa. 358; Hoffer's Est., 156 Pa. 473; Patterson v. Dushane, 137 Pa. 23; Rothrock v. Gallaher, 91 Pa. 108; Peters v. Rothermel, 30 Pa. Superior Ct. 281.

*John E. Malone*, with him *N. Franklin Hall*, for appellee.

OPINION BY HEAD, J., April 21, 1913:

The plaintiff's action was on a promissory note dated July 30, 1901, payable on demand. The maker died November 25, 1905. Suit was begun against his executor February 8, 1909. On the face of the note the action

was barred by the statute of limitations. As presented
at the trial, the note showed an indorsement of one year's
interest within six years before suit brought. This in-
dorsement was in the handwriting of the plaintiff. It
was therefore necessary for him to prove it had been
placed there at a time when it would be such a declara-
tion against interest as to make it competent evidence
to toll the statute and carry the case to the jury. The
testimony of one disinterested witness was offered and
received for the purpose of identifying the note in suit
with a paper exhibited by the plaintiff to the maker dur-
ing his lifetime, with certain declarations of the maker
in respect thereto. The plaintiff then offered to prove by
his wife that a short time after the death of the decedent
she had seen the note in suit and that it then had on it
the indorsement just as it appeared at the time of the
trial. It was objected that she was an incompetent wit-
ness to testify to that fact. The learned trial court sus-
tained the objection and rejected the witness. The case
was then submitted to the jury and resulted in a verdict
for the plaintiff. The defendant made motions for a new
trial and for judgment non obstante veredicto. The
learned court denied the motion for a new trial but en-
tered judgment for the defendant, notwithstanding the
verdict, on the ground that the only evidence tending to
establish the vital fact in the plaintiff's case was so vague,
on the subject of the identification of the paper, that it
did not justify the submission of the question to the jury.
The plaintiff appeals.

In this state of the record two questions arise, the neces-
sity of determining the second depending on the disposi-
tion of the first.

(1) Assuming that the record, as it stood at the close
of the trial, disclosed no serious trial errors, was the learned
court warranted in entering judgment for the defendant
n. o. v.? To make a prima facie case the burden was
on the plaintiff to produce evidence sufficient to remove
the bar of the statute. The single witness, whose testi-

mony on that subject was admitted, was not able to say that he had ever seen, read, heard read, or referred to the note in suit. Until presented to him at the trial he had no knowledge whatever of its date, amount or terms. The most he could say was that, being present at a meeting of the maker and payee, the former inquired if he had been credited with the interest he had paid. No reference was made to the amount paid or to the character or amount of the account, note, bond, or other evidence of the debt on which the interest accrued. The payee then produced and exhibited to the maker a paper of the shape and size of the note in suit. It contained writing on both sides, but, of the tenor and effect of that writing, the witness was wholly ignorant. He could not even affirm that what he saw was a note and not a receipt; but, judging by the shape and size of the paper he saw at that meeting, he was of the opinion it was the note in suit. This testimony, standing alone, was plainly insufficient to discharge the burden assumed by the plaintiff when he began his suit more than six years after his cause of action had accrued. There was then, as the record stood, no evidence to support a verdict for the plaintiff and judgment for the defendant necessarily followed.

(2) But the plaintiff appellant further and chiefly complains of the action of the learned trial judge in refusing to admit the testimony of Margaret Pennell, wife of the plaintiff, for the purpose already stated, and holding her to be an incompetent witness. It will be observed that the precise fact as to which she proposed to testify was not an occurrence in the lifetime of the maker of the note. The fact which her testimony was to establish was that she had seen the note in suit shortly after the death of the maker, and the further fact that when she then saw it, it was in exactly the same condition in which it appeared at the trial. The theory upon which the learned court below held her to be incompetent, as appears in his opinion, is because the proof

of the two facts stated would warrant an inference that the indorsement had been made before the death of the maker, and she would thus indirectly be establishing by her testimony a fact to which she could not directly testify. In so holding, the learned judge rested his conclusion on the authority of Foster v. Collner, 107 Pa. 305, and kindred cases. The distinction between that line of cases and another, of which Rothrock v. Gallaher, 91 Pa. 108, Stephens v. Cotterell, 99 Pa. 188, and Hoffer's Est., 156 Pa. 473, are types, was thoroughly examined and clearly pointed out by President Judge RICE in the recent case of Keating v. Nolan, 51 Pa. Superior Ct. 320. He there states the doctrine of the cases last named and others which he cites in this language: "An interested person is competent to testify to a fact, or condition of facts, existing after the death of a deceased party in interest, notwithstanding such testimony may inferentially tend to show that the same state of facts existed, or that some other connected fact existed or occurred, prior to the decedent's death. In the latest case on the subject it was declared that it is immaterial, upon the question of competency, how obvious the inference is; and necessarily this must be so if the rule is sound in principle." The application of the doctrine thus stated to the case in hand necessarily leads to the conclusion that the learned trial judge fell into error in rejecting the witness as incompetent to testify to the fact proposed.

The judgment then must be reversed. But we cannot agree with the able counsel for the appellee that this must result in entering a judgment for the plaintiff on the verdict. We have already shown that the record as now made up contains no evidence to support the plaintiff's verdict and no judgment in his favor could be entered. If the plaintiff must do battle to defend a judgment on a verdict in his favor, he is entitled to have that verdict as the result of a trial where he has been permitted to introduce all the testimony in support of his claim that is available. The situation is practically the same as if

the trial judge had directed a verdict for the defendant and entered judgment thereon.

What we have said as to the second assignment of error applies to the fourth and fifth, and they with the second are sustained.

Judgment reversed and a venire facias de novo awarded.