## Ferencz *v.* Greek Catholic Union, Appellant.

*Beneficial associations—Death benefits—Wife and children—Parties to action—Guardian.*

1. Where a member of a beneficial association designates his widow and minor children as entitled to receive in equal shares the death benefits provided by the by-laws, the widow and children may join in one action against the association to recover the benefits; and it is immaterial that no guardian has been appointed for the minor children, if it appears that the widow sues not only in her own right, but also as mother, guardian and next friend of the minor children designated by name.

2. Where the by-laws of a beneficial association provide that the association shall pay death benefits to the person designated by a deceased member, and the member has designated his wife and children as beneficiaries, the association cannot set up, in a suit by the wife and children to recover the death benefits, as a defense, that it had already paid such benefits to a subordinate lodge of which the deceased was a member; and this is the case although a by-law declared that "a check for a death benefit shall be made out in the name of the person entitled to the same, and in the name of the president, secretary and treasurer of the subordinate lodge of which the deceased was a member."

Argued April 23, 1913.    Appeal, No. 105, April T., 1913, by defendant, from order of C. P. Allegheny Co., Jan. T., 1911, No. 423, making absolute rule for judgment for want of a sufficient affidavit of defense in

case of Anna Ferencz, Sr., Katherune Ferencz and Anna A. Ferencz, Jr., by Anna Ferencz, Sr., Mother, Guardian and Next Friend, v. The Greek Catholic Union.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Assumpsit for death benefits.

Rule for judgment for want of a sufficient affidavit of defense.

From the by-laws it appeared that one of the by-laws of the Greek Catholic Union was as follows:

"47. The Union deals only with the subordinate Lodges and has no obligation toward or dealings with individual members, therefore, a check for a death benefit shall be made out in the name of the person entitled to the same, and in the name of the President, Secretary and Treasurer of the subordinate Lodge of which the deceased was a member.   The legal heirs shall call for their money without delay.   If any difficulties arise over a benefit which was promptly or correctly paid to a subordinate Lodge, the Supreme Lodge carries no responsibility.   If the By-laws of a subordinate Lodge do not contain regulations affecting the payment of funeral expenses, then the subordinate Lodge has the right to deduct an amount not exceeding $100 from the death benefit to pay for the most necessary things, such as a coffin, the grave, the services of a priest, hearse and one carriage.   If the heirs of the deceased, or the subordinate Lodge, desire to fit out a more expensive funeral, then the expenses exceeding the amount above mentioned must be borne by the parties desiring the same.   If the legal heirs of a deceased member are in the old country, then the death benefit shall be forwarded through the Austro-Hungarian Consulate; and if the benefit belongs to minors, the money shall be deposited in a safe bank or paid to the administrator.   If a deceased member designated that half of the benefit be paid to his widow and the other half

to his children, then in that case the money belonging to the Orphans shall be paid through the subordinate Lodge to the administrator appointed by the Court, and for the one-half belonging to the widow, the Greek Catholic Union sends a check to the subordinate Lodge to the order of the President, Secretary and Treasurer and to the widow. A subordinate Lodge has no right whatever to deduct more than $100 for funeral expenses, in such case, $50 shall be deducted from the share due the minors and $50 from the money due the widow."

The appellant averred, inter alia, as follows:

In the case of the death of said Joseph Ferencz this defendant, "The Supreme Lodge," collected the funds for the death benefit and paid said funds over to the subordinate lodge of which he was a member as aforesaid, viz., St. Michala Lodge at Van Meter, Pennsylvania, and said subordinate lodge having received said funds, the responsibility of this defendant in the matter ceased and was at an end.

This affiant is informed and believes that after receiving said money, said St. Michala Lodge deducted $100, according to the terms of said by-law, for the expenses of the funeral of said Joseph Ferencz, which expenses had been paid by said lodge, and, for the purpose and with the intention of remitting the residue of said funds to the parties entitled to receive the same, who lived in Hungary, the officers of said lodge placed said residue, to wit, $900, in the hands of a banker at Connellsville, then esteemed to be reputable and trustworthy, and known as such by said officers of said lodge and through whom they had frequently made such remittances before with all safety. Shortly afterwards said banker absconded and his business was broken up and he was afterwards declared a bankrupt; and whether said funds so committed to his custody by said subordinate lodge were embezzled by him or were lost in transmission or what became of them this affiant has no positive and certain knowledge or information.

This defendant, The Greek Catholic Union, denies any responsibility on its part to see to the safe transmission of said funds further than into the hands of said subordinate lodge, which duty it performed, and its responsibility then and there ceased.

If the parties entitled thereafter to receive said funds did not receive them they must look to said subordinate lodge for redress.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*T. S. Brown,* of *Brown & Stewart,* for appellant.— There was a misjoinder of parties: Weil v. Townsend, 25 Pa. Superior Ct. 638; Seip v. Drach, 14 Pa. 352; Mytinger v. Springer, 3 W. & S. 405; App v. Coryell, 3 P. & W. 494; Boggs v. Curtin, 10 S. & R. 211.

Mrs. Ferencz should have brought her suit against the local lodge, as was done in Fisher v. Olive Branch Lodge, 152 Pa. 449, and Stidle v. Twin City Council, 8 Pa. Superior Ct. 178.

*Charles Gulentz,* for appellee.—The Greek Catholic Union is not relieved of liability because the subordinate lodge was the agent of the Supreme Lodge, the appellant in this case: Pfeifer v. Supreme Lodge of Bohemian Slavonian Benevolent Society, 173 N. Y. 418 (66 N. E. Repr. 108); Puhr v. Grand Lodge German Order of Harugari, 77 Mo. App. 56; Knights of Pythias v. Withers, 177 U. S. 266 (20 Sup. Ct. Repr. 611); McCullough v. Ry. Mail Assn., 33 Pa. C. C. Rep. 532; Schlosser v. Grand Lodge Brotherhood of Railroad Trainmen, 94 Md. 362 (50 Atl. Repr. 1048).

OPINION BY HEAD, J., October 13, 1913:

The action was assumpsit. The plaintiffs are the widow and minor children of one Joseph Ferencz, who at the time of his death was a member in good stand-

ing of the defendant society. The undertaking of the defendant on which the action rested is thus stated in its own by-laws: "If a member in good standing dies, a benefit of $1,000 will be paid as per his last designation within sixty days out of the treasury of the union." The court below made absolute a rule for judgment for want of a sufficient affidavit of defense. The defendant appeals.

It is not denied that the deceased was in good standing at the time of his death and had properly designated his widow and minor children to receive in equal shares the benefit fund referred to in the by-laws. The defense attempted to be set up in the affidavit is twofold in character. Its first branch rests on the technical proposition that as the widow by the designation was to receive one-half the fund and the children the other one-half, there is such a misjoinder that no recovery can be had. It is to be observed the widow does not claim any right to recover because she is the widow of the deceased; nor do the children claim on the ground of their relationship. Their claims do not rest on separate or distinct rights. They simply join as the persons designated by the deceased to recover a sum which the defendant promised to pay to the persons so designated. It is not apparent how any substantial injury could accrue to the defendant from joining all the parties designated in one action. Rules of pleading are made to aid in the administration of the law, not to embarrass it. The defendant's undertaking was a single one. That is to say, it agreed to pay a fixed sum of money to the person or persons designated to receive it by the deceased member of the society. One action and one judgment ought to be the limit of the defendant's liability. It would thus be protected as far as possible against a useless number of actions and a duplication of costs. If there be any occasion for its further protection, so that the judgment now entered will be a bar to any future action, the court controlling its own execu-

tion process will be easily able to afford such protection.

It is also alleged, as part of this branch of the defense, that no guardian has been appointed by any court to receive for the minor children their proportion of the claim. They sue by their mother as their natural guardian and next friend, and there is ample authority for the proposition that a minor child may lawfully so sue in Pennsylvania: Turner v. Partridge, 3 P. & W. 172; Heft v. McGill, 3 Pa. 256; O'Donnell v. Broad, 149 Pa. 24. When the defendant, either voluntarily or under stress of execution, is about to pay the judgment, again the court will be able and willing to see that the money is not diverted from its lawful destination. If the judgment is otherwise right, we do not think it ought to be disturbed on this ground.

The second branch of defense purports to rest on the proposition that the defendant has already lawfully paid the claim, and therefore ought not to be subjected to a second action. In substance this branch of the defense rests on the allegation that it paid the amount of this death benefit to the local lodge, of which the deceased was a member, and that such payment under its by-laws is a bar to the present action by the widow and the minor children. We are unable to see that this claim rests on any substantial foundation. It is clear that the undertaking of the defendant was to pay the money involved to those designated by its deceased member, and in the present case it is just as plain that his widow and children are the persons thus designated. They were therefore the beneficial owners of that money. No other person had any legal right to it. Before the defendant could successfully plead a release from their demand, it must be able to show that it had paid the money to them in a manner recognized by the law generally, or in some special manner to which, by the assent of the deceased, they were bound. The local lodge of which the deceased was a member is not

shown to have had any beneficial interest in the money sued for. Whatever reason might be urged to support the idea that the benefit should be paid to the owner, through the local lodge, there can be none that it should be paid to the lodge. A payment to that lodge, by reason of which the money was lost and never reached its owners, cannot be a protection against the demand by those owners.

It is neither the letter nor the spirit of the defendant's by-law that the money was to be paid to the local lodge, to be disposed of or lost by that body without regard to the rights of the owner. The by-law declares "a check for a death benefit shall be made out in the name of the person entitled to the same and in the name of the president, secretary and treasurer of the subordinate lodge of which the deceased was a member." A payment made in that way would protect the rights of all concerned. The subordinate lodge could not get the money on such a check without the indorsement of its real owner. Thus he or she would have full knowledge of such payment and would necessarily assent to it. On the other hand, if the subordinate lodge had any just claim against the fund, for example, failure of the deceased to pay a last assessment, funeral expenses necessarily incurred, or the like, opportunity would be afforded its officers to protect such claim. No such payment was made and no such payment is averred in the affidavit.

There are other provisions in the by-laws that in case the "legal heirs of a deceased member" live in the old country, payment might be made through the Austro-Hungarian consul, but payment was not made in that manner. These provisions not having been carried into effect, they cannot oust the jurisdiction of the proper courts of the domicile of the defendant. Many cases can be found in many jurisdictions in this country to the effect that such provisions in the by-laws as we have referred to would but make the subordinate lodge an

agency of the defendant so that the beneficial owners of the money would not be bound by any misuse of it made by such organizations.

But without attempting to dispose of the case on that ground, it seems clear to us the defendant has made no payment of this fund which has enured to the benefit of its legal owners in law or in fact. Further, that although the by-laws provide certain methods of payment which, when fairly acted on, might estop the owners from a further demand, there is nothing in the present case to oust the jurisdiction of our courts to determine the plaintiffs' right, and therefore the judgment in their favor should not be disturbed.

Judgment affirmed.