## Anstock, Guardian, v. Director General of Railroads.

*Workmen's compensation—Insanity of injured person—Parties claimant— Next friend—Guardian—Amendment—Words and phrases—Act of June 2, 1915.*

1. A next friend is one who, without being regularly appointed guardian, acts for the benefit of an infant, married woman or other person not *sui juris*.

2. To maintain a suit, the next friend need not be appointed by the court.

3. A wife may file a petition as next friend of her husband under the Workmen's Compensation Act of June 2, 1915, P. L. 736, where the husband has become insane from his injuries.

4. Where, after such a petition has been filed, a guardian has been legally appointed for the insane workman, the record may be amended even after the statute of limitations has run, so as to substitute the guardian as party claimant, and the award may be made to him as guardian.

5. The only distinction in Pennsylvania between instituting an action by a next friend or a guardian of an infant, and in so instituting one in behalf of a lunatic or an habitual drunkard, is that in the latter case the action must be brought in the name of the lunatic or habitual drunkard and of the committee or guardian; and in the former it is brought by the next friend or guardian in the name of the infant.

Appeal from decision of the Workmen's Compensation Board. C. P. Schuylkill Co., Sept. T., 1921, No. 464.

*Roger J. Dever*, for plaintiff; *Otto E. Farquhar*, for defendant.

BERGER, J., Nov. 7, 1921.—This is an appeal from an award of compensation to "John Anstock, guardian of Howard Blackwell." The claim petition filed Aug. 4, 1920, was executed on form W 18, adopted by the board for public use, by Mrs. Verna Blackwell, the wife of the above-named Howard Blackwell, and signed by her, "Mrs. Verna Blackwell, claimant." The petition was entitled, "Mrs. Verna Blackwell, wife and next friend of Howard Blackwell, claimant, *v.* Director General of Railroads, United States Railroad Administration, Lehigh Valley Railroad, defendant." It alleged in substance that the claimant in whose behalf the petition was filed was in the employ of the defendant as a machinist on Jan. 22, 1920, when he sustained injuries to his left hand and right forehead, which resulted in insanity, causing total disability for an indefinite period, and it concluded with a prayer for an award of compensation to the claimant.

The answer to the petition denied generally every allegation of fact contained therein, and set up affirmatively, *inter alia*, that Mrs. Verna Blackwell had no legal claim for compensation, and that a claim for compensation for Howard Blackwell could only be instituted "by the guardian or committee of the said Howard Blackwell." All the testimony taken before the referee was

1 D. & C.

taken subject to the objection of the defendant that Mrs. Blackwell had no interest which entitled her to maintain the action. No amendment of the claim petition was moved, and no amendment of it was made by the claimant. The referee, in his eleventh finding of fact, found that the Court of Common Pleas of Schuylkill County, on April 18, 1921, "decreed that Howard Blackwell is unable to take care of his property owing to mental weakness, and appointed John Anstock guardian to take care of the same," and from all the facts drew the legal conclusion "that compensation is due the guardian of the injured employee until such time as there is a change in his condition." Two appeals—one from the referee's findings of fact, the other alleging errors of law—were taken from this decision to the board, which, in an opinion by Jarrett dismissing the appeals, sustained the referee's findings of fact, conclusions of law, and affirmed his award. In support of the defendant's appeal from the decision of the board, thirteen exceptions have been filed which counsel for the appellant have summarized into two questions of law, which we shall state in the language of counsel and discuss separately.

The first question is: "1. Was 'Mrs. Verna Blackwell, wife and next friend of Howard Blackwell,' the proper and authorized party to file a petition and institute proceedings for compensation under the Workmen's Compensation Act for injuries received by her said husband?" That is, can a claim petition be presented and prosecuted on behalf of an insane person during the period of his insanity by a person acting as his next friend? It is undisputed that Howard Blackwell, at the time the claim petition was filed by his wife as his next friend, was insane and so continues. A next friend is "one who, without being regularly appointed guardian, acts for the benefit of an infant, married woman or other person not *sui juris:*" 3 Bouvier's Law Dictionary, 2348. In respect to want of capacity to sue, there is no difference between an infant and a lunatic. It is well established that an infant can maintain an action in the name of his next friend without the appointment of such next friend by the court: Heft & Hix v. McGill et al., 3 Pa. 256, 264; Ferencz v. Greek Catholic Union, 54 Pa. Superior Ct. 642, 647. The general principle respecting the maintenance of an action by the next friend of an infant is stated in Morgan v. Potter, 157 U. S. 195, 39 Law Ed., 670, in this manner: "It is the infant, and not the next friend, who is the real and proper party. The next friend, by whom the suit is brought on behalf of the infant, is neither technically nor substantially the party, but resembles the attorney or guardian *ad litem*, by whom a suit is brought or defended on behalf of another. The suit must be brought in the name of the infant, and not in that of the next friend." It has also been held that a lunatic or insane person, not yet adjudged insane, might sue by his next friend, though by statute it had been provided that the conservator or guardian of a lunatic should sue for and receive in his own name, as conservator or guardian, all personal property and demands due his ward. See Isle v. Cranby, 199 Ill. 39, 64 N. E. Repr. 1065; Holzheiser v. Gulf W. T. & P. Ry. Co. et al., 11 Tex. Civ. App. 677, 33 S. W. Repr. 887.

The only distinction in our State between instituting an action by a next friend or a guardian of an infant, and in so instituting one in behalf of a lunatic or an habitual drunkard, is that in the latter case the action must be brought in the name of the lunatic or habitual drunkard and of the committee or guardian; and in the former it is brought by the next friend or guardian in the name of the infant. See Beale et al. v. Coon, 2 Watts, 183, 184; Steel v. Young, 4 Watts, 459; Uberoth v. The Union National Bank, 9 Phila. 83; Post's Estate, 19 Dist. R. 61. It is clear, therefore, that the

want of interest on the part of Mrs. Blackwell in the claim for compensation presented by her in behalf of her husband did not deprive her of the right to present his claim petition as his next friend.

The second question of law urged by counsel is: "2. Could John Anstock, guardian of Howard Blackwell, be legally substituted as party claimant by amendment after the record was closed and the statute of limitations had run?" This proposition has been argued upon the theory that the claim petition as filed was defective for want of proper parties, and that the substitution on April 18, 1921, more than a year after the claimant's injury, of John Anstock, the guardian of Howard Blackwell, as the petitioner in place of his wife, Verna Blackwell, acting as his next frined, introduced a new cause of action against the defendant after the limitation fixed by section 315 of the Workmen's Compensation Act had run in the defendant's favor. It is true that a new cause of action cannot be introduced by amendment after the limitation has run, no matter what form the amendment may take, and that in some cases the introduction of a new party necessarily results in the introduction of a new cause of action, as in the case of Garman v. Glass, 197 Pa. 101. Where the right person, however, is served under the wrong name, the correct name may be substituted by amendment after the statute has run: Booth v. Dorsey, 202 Pa. 381, 385; Tonge v. Item Publishing Co., 244 Pa. 417, 426; McGinnis v. The Valvoline Oil Works, Lim., 251 Pa. 407, 409; Fitzgerald's Estate (No. 1), 252 Pa. 568, 572. So, too, the joinder of too many plaintiffs or defendants may be corrected by amendment at any time: Holmes v. Pennsylvania R. R. Co., 220 Pa. 189, 193. And in Wilkinson v. North East Borough, 215 Pa. 486, 491, it was held that the error of the prothonotary in issuing a summons in assumpsit on a præcipe in trespass was amendable after the statute had run. If, therefore, we have erred in reaching the conclusion that Mrs. Blackwell could file a claim petition as the next friend of her husband, it was an error which, in our opinion, could be amended at any time, because the substitution of one or more names as claimants would not in any sense change the cause of action set out in the claim petition. The cause of action is the right of Howard Blackwell to compensation arising from an injury received in the course of his employment by the defendant.

No amendment of the claim petition appears to have been made at any time; hence, the rules of the board respecting such amendments do not seem to have been violated, as is contended by the appellant, nor was the defendant deprived of his right to plead the statute. After the evidence was in, the referee entered an award in favor of John Anstock, guardian of Howard Blackwell. This was an amendment of the record to conform with the evidence then before the referee disclosing the necessary parties to the action, and, in view of the fact that such amendments may be made after judgment where no question of the statute of limitations is involved, it cannot have been error: New York & Pennsylvania Co. v. New York Central R. R. Co., 267 Pa. 64, 76. The next friend, in our opinion, was properly superseded by the guardian, but in accordance with the view previously expressed, the award of the referee should also have been entered in favor of Howard Blackwell in his own name. Therefore, the appeal must be dismissed.

And now, Nov. 7, 1921, appeal dismissed. Judgment is hereby directed to be entered upon the award of the referee as sustained by the Workmen's Compensation Board in favor of Howard Blackwell and of John Anstock, guardian of Howard Blackwell, against the Director General of Railroads, United States Railroad Administration, Lehigh Valley Railroad Company, defendant, in the sum of $5000.                     From M. M. Burke, Shenandoah, Pa.